**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, and ALICE CURTIS, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>RELIASTAR LIFE INSURANCE COMPANY,<br><br>          Defendant. | Civ. No.:  0:18-cv-2863-DWF-ECW |

DECLARATION OF JENNIFER M. KEOUGH REGARDING PROPOSED NOTICE PLAN

I, JENNIFER M. KEOUGH, declare as follows:

**INTRODUCTION**

1.      I am the Chief Executive Officer of JND Legal Administration LLC ("JND"). This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees and Counsel for the Plaintiffs ("Class Counsel"), and if called upon to do so, I could and would testify competently thereto.

2.      I have more than 20 years of legal experience creating and supervising notice and claims administration programs and have personally overseen well over 1,000 matters. A comprehensive description of my experience is attached as Exhibit 1.

3.      JND is a legal administration services provider with headquarters located in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered hundreds of class action cases.

4.      I submit this Declaration at the request of Counsel in the above-referenced litigation to describe the proposed program for providing notice to Class Members and address why it is consistent with other best practicable court-approved notice programs, the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Due Process Clause of the United States constitution, and the Federal Judicial Center ("FJC") guidelines for best practicable due process notice. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* considers 70-95% reach among class members reasonable.

## RELEVANT EXPERIENCE

5.      JND is one of the leading legal administration firms in the country. JND's class action division provides all services necessary for the effective implementation of class actions, including:  (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including on-line claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class actions.

6.      JND was approved as a vendor for the United States Securities and Exchange Commission ("SEC") as well as by the Federal Trade Commission ("FTC"), and we have worked with a number of other government agencies including: the U.S. Equal Employment Opportunity Commission ("EEOC"), the Office of the Comptroller of the Currency ("OCC"), the Consumer Financial Protection Bureau ("CFPB"), the Federal Deposit Insurance Corporation ("FDIC"), the

Federal Communications Commission ("FCC"), the Department of Justice ("DOJ") and the Department of Labor ("DOL"). We also have Master Services Agreements with various law firms, corporations, banks, and other government agencies, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures. JND has also been certified as SOC 2 compliant by noted accounting firm Moss Adams.[1] Finally, JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and the *New York Law Journal*, for excellence in class action administration.

7.    The principals of JND, including myself, collectively have over 80 years of experience in class action legal and administrative fields. We have personally overseen some of the most complex civil settlements, including:  $20 billion Gulf Coast Claims Facility; $10 billion Deepwater Horizon BP Settlement; $6.15 billion WorldCom Securities Settlement; $3.4 billion Indian Trust (the largest U.S. Government class action ever); and $3.05 billion VisaCheck/MasterMoney Antitrust Settlement.

8.    JND was appointed as the notice and claims administrator in the $2.67 billion Blue Cross Blue Shield antitrust settlement, and we have been handling the settlement administration of the following matters: the $1.3 billion Equifax Data Breach Settlement, the largest class action ever in terms of the number of claims received; a voluntary remediation program in Canada on behalf of over 30 million people; the $1.5 billion Mercedes-Benz Emissions Settlements, the $120 million GM Ignition Switch Economic Settlement, where we sent notice to nearly 30 million class members, and the $215 million USC Student Health Center Settlement on behalf of women who were sexually abused by a doctor at USC, as well as hundreds of other matters. Our notice campaigns are regularly approved by courts throughout the United States.

---

[1] As a SOC 2 Compliant organization, JND has passed an audit under AICPA criteria for providing data security.

## CASE BACKGROUND

9.    JND understands that the Plaintiffs allege that ReliaStar Life Insurance Company ("ReliaStar") breached its contracts with certain policy owners by imposing unlawful cost of insurance ("COI") and Waiver Rider charges. We understand that ReliaStar denies Plaintiffs' claim and asserts multiple defenses.

10.    The objective of the notice program is to provide notice of the litigation to members of the COI and Rider Classes. The COI Class consists of all current and former owners of UL (including variable UL) policies insured by ReliaStar written on policy forms listed in Exhibit A of the Court's Memorandum Opinion and Order who were assessed COI charges during the Class Period. Excluded from the COI Class are policies issued in Alaska, Arkansas, New Mexico, New York, Virginia, Washington, and Wyoming (the "Excluded States"), policies listed in Exhibit B of the Court's Memorandum Opinion and Order, and ReliaStar, its officers and directors, members of their immediate families, and their heirs, successors or assigns. The Rider Class consists of all current and former owners of UL policies insured by ReliaStar written on policy forms 10830 and 10910, excluding policies issued in the Excluded States, who were assessed Waiver Rider charges during the Class Period. The Class Period starts on the following dates through final judgement:

| Class Period Start Date | State(s) |
|---|---|
| October 5, 2003 | Kentucky |
| October 5, 2008 | Illinois, Indiana, Iowa, Louisiana, Rhode Island, West Virginia |
| October 5, 2010 | Montana, Ohio |
| October 5, 2012 | Alabama, Arizona, Connecticut, Georgia, Hawaii, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nevada, New Jersey, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, Wisconsin |

| October 5, 2013 | Florida, Idaho, Kansas, Missouri, Nebraska, Oklahoma |
| October 5, 2014 | California, Pennsylvania, Texas |
| October 5, 2015 | Colorado, Delaware, Maryland, New Hampshire, North Carolina, South Carolina, Washington D.C. |

## NOTICE PLAN

11.    JND's notice program consists of a mailed notice effort and the establishment of a case website and a toll-free number. All forms of notice have been designed to inform Class Members of the litigation and their rights and options, including their right to opt out of the Class.

12.    It is our understanding that names and postal addresses are available for all potential Class Members. Factoring estimated un-deliverables, the individual notice effort is expected to reach 90% of potential Class Members.

13.    **Mail Notice**: JND will send the Postcard Notice, attached hereto as Exhibit 2, via first-class U.S. mail to all known Class Members. Prior to mailing, JND will update the addresses using the National Change of Address database ("NCOA").[2] JND will re-mail any Notices returned by the United State Postal Service with a forwarding address.

14.    **Website Notice**: JND will create and maintain a dedicated case website which will contain information about the litigation and copies of relevant case documentation, including but not limited to the Long Form Notice, attached hereto as Exhibit 3. The website will have an easy-to-navigate design and will be formatted to emphasize important information and key dates.

15.    **Toll-free Number**: JND will establish and maintain an automated toll-free number that Class Members may call to obtain information about the litigation.

---

[2] The NCOA database is the official United States Postal Service ("USPS") technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream. This product is an effective tool to update address changes when a person has completed a change of address form with the USPS. The address information is maintained on the database for 48 months.

16.     **Opt-Out**: The notices explain that a Class Member that wants to be excluded must send a letter to JND, with the Class Member's name, address, telephone number, email address, and signature. The Class Member must also identify the ReliaStar insurance policy(s) to be excluded.

<u>**NOTICE DESIGN AND CONTENT**</u>

17.     JND designed the proposed notice documents to comply with the FJC's guidelines for class action notices. The notices contain easy-to-read summaries of the litigation and the exclusion option that is available to Class Members. The notices also provide instructions on how to receive more information about the litigation. Many courts, as well as the FJC, have approved notices that have been written and designed in a similar manner.

<u>**CONCLUSION**</u>

18.     In JND's opinion, the proposed notice program provides the best notice practicable under the circumstances; is consistent with the requirements of Rule 23; and is consistent with other similar court-approved notice programs. The Notice Program is designed to reach at least 90% of the Class and provide them with the opportunity to review a notice and the ability to easily take next steps to learn more about the litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 28, 2022, at Seattle, Washington.

By: _____
Jennifer M. Keough

DECLARATION OF JENNIFER M. KEOUGH

# - EXHIBIT 1 -

# JENNIFER KEOUGH

## CHIEF EXECUTIVE OFFICER AND CO-FOUNDER





# INTRODUCTION

Jennifer Keough is Chief Executive Officer and Co-Founder of JND Legal Administration ("JND"). She is the *only* judicially recognized expert in all facets of class action administration - from notice through distribution. With more than 20 years of legal experience, Ms. Keough has directly worked on hundreds of high-profile and complex administration engagements, including such landmark matters as the $20 billion Gulf Coast Claims Facility, $10 billion BP Deepwater Horizon Settlement, $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), $3.05 billion VisaCheck/MasterMoney Antitrust Settlement, $2.67 billion Blue Cross Blue Shield antitrust settlement, $1.5 billion Mercedes-Benz Emissions Settlements; $1.3 billion Equifax Data Breach Settlement, $1 billion Stryker Modular Hip Settlement, $600 million Engle Smokers Trust Fund, $240 million Signet Securities Settlement, $215 million USC Student Health Center Settlement, and countless other high-profile matters. She has been appointed notice expert in many notable cases and has testified on settlement matters in numerous courts and before the Senate Committee for Indian Affairs.

The only female CEO in the field, Ms. Keough oversees more than 200 employees at JND's Seattle headquarters, as well as other office locations around the country.

She manages all aspects of JND's class action business from day-to-day processes to high-level strategies. Her comprehensive expertise with noticing, claims processing, Systems and IT work, call center logistics, data analytics, recovery calculations, check distribution, and reporting gained her the reputation with attorneys on both sides of the aisle as the most dependable consultant for all legal administration needs. Ms. Keough also applies her knowledge and skills to other divisions of JND, including mass tort, lien resolution, government services, and eDiscovery. Given her extensive experience, Ms. Keough is often called upon to consult with parties prior to settlement, is frequently invited to speak on class action issues, and has authored numerous articles in her multiple areas of expertise.

Ms. Keough launched JND with her partners in early 2016. Just a few months later, Ms. Keough was named as the Independent Claims Administrator ("ICA") in a complex BP Solar Panel Settlement. Ms. Keough also started receiving numerous appointments as notice expert and in 2017 was chosen to oversee a restitution program in Canada where every adult in the country was eligible to participate. Also, in 2017, Ms. Keough was named a female entrepreneur of the year finalist in the 14th Annual Stevie Awards for Women in Business. In 2015 and 2017, she was recognized as a "Woman Worth Watching" by Profiles in Diversity Journal.

Since JND's launch, Mrs. Keough has also been featured in numerous news sources. In 2019, she was highlighted in an Authority Magazine article, "5 Things I wish someone told me before I became a CEO," and a Moneyish article, "This is exactly how rampant 'imposter syndrome' is in the workforce." In 2018, she was featured in several Fierce CEO articles, "JND Legal Administration CEO Jennifer Keough aids law firms in complicated settlements," "Special Report—Women CEOs offer advice on defying preconceptions and blazing a trail to the top," and "Companies stand out with organizational excellence," as well as a Puget Sound Business Journal article, "JND Legal CEO Jennifer Keough handles law firms' big business." In 2013, Ms. Keough appeared in a CNN article, "What Changes with Women in the Boardroom."

Prior to forming JND, Ms. Keough was Chief Operating Officer and Executive Vice President for one of the then largest legal administration firms in the country, where

she oversaw operations in several offices across the country and was responsible for all large and critical projects. Previously, Ms. Keough worked as a class action business analyst at Perkins Coie, one of the country's premier defense firms, where she managed complex class action settlements and remediation programs, including the selection, retention, and supervision of legal administration firms. While at Perkins she managed, among other matters, the administration of over $100 million in the claims-made Weyerhaeuser siding case, one of the largest building product class action settlements ever. In her role, she established a reputation as being fair in her ability to see both sides of a settlement program.

Ms. Keough earned her J.D. from Seattle University. She graduated from Seattle University with a B.A. and M.S.F. with honors.



# II. LANDMARK CASES

Jennifer Keough has the distinction of personally overseeing the administration of more large class action programs than any other notice expert in the field. Some of her largest engagements include the following:

## 1. *Allagas v. BP Solar Int'l, Inc.*

**No. 14-cv-00560 (N.D. Cal.)**

Ms. Keough was appointed by the United States District Court for the Northern District of California as the Independent Claims Administrator ("ICA") supervising the notice and administration of this complex settlement involving inspection, remediation, and replacement of solar panels on homes and businesses throughout California and other parts of the United States. Ms. Keough and her team devised the administration protocol and built a network of inspectors and contractors to perform the various inspections and other work needed to assist claimants. She also built a program that included a team of operators to answer claimant questions, a fully interactive dedicated website with online claim filing capability, and a team trained in the very complex intricacies of solar panel mechanisms. In her role as ICA, Ms. Keough regularly reported to the parties and the Court regarding the progress of the case's administration. In addition to her role as ICA, Ms. Keough also acted as mediator for those claimants who opted out of the settlement to pursue their claims individually against BP. Honorable Susan Illston, recognized the complexity of the settlement when appointing Ms. Keough the ICA (December 22, 2016):

> The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much shorter time frame than otherwise possible and avoids risk to class certification and the Class's case on the merits...The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.

### 2.   *Chester v. The TJX Cos.*

**No. 15-cv-01437 (C.D. Cal.)**

As the notice expert, Ms. Keough proposed a multi-faceted notice plan designed to reach over eight million class members. Where class member information was available, direct notice was sent via email and via postcard when an email was returned as undeliverable or for which there was no email address provided. Additionally, to reach the unknown class members, Ms. Keough's plan included a summary notice in eight publications directed toward the California class and a tear-away notice posted in all TJ Maxx locations in California. The notice effort also included an informational and interactive website with online claim filing and a toll-free number that provided information 24 hours a day. Additionally, associates were available to answer class member questions in both English and Spanish during business hours. Honorable Otis D. Wright, II approved the plan (May 14, 2018):

> *...the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.*

### 3.   *Cobell v. Salazar*

**No. 96 CV 1285 (TFH) (D. D.C.)**

As part of the largest government class action settlement in our nation's history, Ms. Keough worked with the U.S. Government to implement the administration program responsible for identifying and providing notice to the two distinct but overlapping settlement classes. As part of the notice outreach program, Ms. Keough participated in multiple town hall meetings held at Indian reservations located across the country. Due to the efforts of the outreach program, over 80% of all class members were provided notice. Additionally, Ms. Keough played a role in creating the processes for evaluating claims and ensuring the correct distributions were made. Under Ms. Keough's supervision,

the processing team processed over 480,000 claims forms to determine eligibility. Less than one half of one percent of all claim determinations made by the processing team were appealed. Ms. Keough was called upon to testify before the Senate Committee for Indian Affairs, where Senator Jon Tester of Montana praised her work in connection with notice efforts to the American Indian community when he stated: "Oh, wow. Okay... the administrator has done a good job, as your testimony has indicated, [discovering] 80 percent of the whereabouts of the unknown class members." Additionally, when evaluating the Notice Program, Judge Thomas F. Hogan concluded (July 27, 2011):

> ...that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class.... Notice met and, in many cases, exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort. The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).

### 4.  *FTC v. Reckitt Benckiser Grp. PLC*

**No. 19CV00028 (W.D. Va.)**

Ms. Keough and her team designed a multi-faceted notice program for this $50 million settlement resolving charges by the FTC that Reckitt Benckiser Group PLC violated antitrust laws by thwarting lower-priced generic competition to its branded drug Suboxone.

The plan reached 80% of potential claimants nationwide, and a more narrowed effort extended reach to specific areas and targets. The nationwide effort utilized a mix of digital, print, and radio broadcast through Sirius XM. Extended efforts included local radio in areas defined as key opioid markets and an outreach effort to medical professionals approved to prescribe Suboxone in the U.S., as well as to substance abuse centers; drug abuse and addiction info and treatment centers; and addiction treatment centers nationwide.

## 5.  Gulf Coast Claims Facility (GCCF)

The GCCF was one of the largest claims processing facilities in U.S. history and was responsible for resolving the claims of both individuals and businesses relating to the Deepwater Horizon oil spill. The GCCF, which Ms. Keough helped develop, processed over one million claims and distributed more than $6 billion within the first year-and-a-half of its existence. As part of the GCCF, Ms. Keough and her team coordinated a large notice outreach program which included publication in multiple journals and magazines in the Gulf Coast area. She also established a call center staffed by individuals fluent in Spanish, Vietnamese, Laotian, Khmer, French, and Croatian.

## 6.  Health Republic Ins. Co. v. United States

### No. 16-259C (F.C.C.)

For this $1.9 billion settlement, Ms. Keough and her team used a tailored and effective approach of notifying class members via Federal Express mail and email. Opt-in notice packets were sent via Federal Express to each potential class member, as well as the respective CEO, CFO, General Counsel, and person responsible for risk corridors receivables, when known. A Federal Express return label was also provided for opt-in returns. Notice Packets were also sent via electronic-mail. The informational and interactive case-specific website posted the notices and other important Court documents and allowed potential class members to file their opt-in form electronically.

## 7.  In re Air Cargo Shipping Servs. Antitrust Litig.

### No. 06-md-1775 (JG) (VVP) (E.D.N.Y.)

This antitrust settlement involved five separate settlements. As a result, many class members were affected by more than one of the settlements, Ms. Keough constructed the notice and claims programs for each settlement in a manner which allowed affected class members the ability to compare the claims data. Each claims administration program included claims processing, review of supporting evidence, and a deficiency notification process. The deficiency

notification process included mailing of deficiency letters, making follow-up phone calls, and sending emails to class members to help them complete their claim. To ensure accuracy throughout the claims process for each of the settlements, Ms. Keough created a process which audited many of the claims that were eligible for payment.

## 8.   *In re Blue Cross Blue Shield Antitrust Litig.*

**Master File No.: 13-CV-20000-RDP (N.D. Ala.)**

JND was recently appointed as the notice and claims administrator in the $2.67 billion Blue Cross Blue Shield proposed settlement. To notify class members, we mailed over 100 million postcard notices, sent hundreds of millions of email notices and reminders, and placed notice via print, television, radio, internet, and more. The call center was staffed with 250 agents during the peak of the notice program. More than eight million claims were received. In approving the notice plan designed by Jennifer Keough and her team, United States District Court Judge R. David Proctor, wrote:

> *After a competitive bidding process, Settlement Class Counsel retained JND Legal Administration LLC ("JND") to serve as Notice and Claims Administrator for the settlement. JND has a proven track record and extensive experience in large, complex matters... JND has prepared a customized Notice Plan in this case. The Notice Plan was designed to provide the best notice practicable, consistent with the latest methods and tools employed in the industry and approved by other courts...The court finds that the proposed Notice Plan is appropriate in both form and content and is due to be approved.*

## 9.   *In re Classmates.com*

**No. C09-45RAJ (W.D. Wash.)**

Ms. Keough managed a team that provided email notice to over 50 million users with an estimated success rate of 89%. When an email was returned as undeliverable, it was re-sent up to three times in an attempt to provide notice to

the entire class. Additionally, Ms. Keough implemented a claims administration program which received over 699,000 claim forms and maintained three email addresses in which to receive objections, exclusions, and claim form requests. The Court approved the program when it stated:

> The Court finds that the form of electronic notice… together with the published notice in the Wall Street Journal, was the best practicable notice under the circumstances and was as likely as any other form of notice to apprise potential Settlement Class members of the Settlement Agreement and their rights to opt out and to object. The Court further finds that such notice was reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process…

## 10. *In re Equifax Inc. Customer Data Sec. Breach Litig.*

**No. 17-md-2800-TWT (N.D. Ga.)**

JND was appointed settlement administrator, under Ms. Keough's direction, for this complex data breach settlement valued at $1.3 billion with a class of 147 million individuals nationwide. Ms. Keough and her team oversaw all aspects of claims administration, including the development of the case website which provided notice in seven languages and allowed for online claim submissions. In the first week alone, over 10 million claims were filed. Overall, the website received more than 200 million hits and the Contact Center handled well over 100,000 operator calls. Ms. Keough and her team also worked closely with the Notice Provider to ensure that each element of the media campaign was executed in the time and manner as set forth in the Notice Plan.

Approving the settlement on January 13, 2020, Judge Thomas W. Thrash, Jr. acknowledged JND's outstanding efforts:

> JND transmitted the initial email notice to 104,815,404 million class members beginning on August 7, 2019. (App. 4, ¶¶ 53-54). JND later sent a supplemental email notice to the 91,167,239 class members who had not yet opted out, filed a claim, or unsubscribed from the initial email notice. (Id., ¶¶ 55-56). The notice plan also provides for JND to perform two additional

*supplemental email notice campaigns. (Id., ¶ 57)...JND has also developed specialized tools to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). As a result, class members have the opportunity to file a claim easily and have that claim adjudicated fairly and efficiently...The claims administrator, JND, is highly experienced in administering large class action settlements and judgments, and it has detailed the efforts it has made in administering the settlement, facilitating claims, and ensuring those claims are properly and efficiently handled. (App. 4, ¶¶ 4, 21; see also Doc. 739-6, ¶¶ 2-10). Among other things, JND has developed protocols and a database to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). Additionally, JND has the capacity to handle class member inquiries and claims of this magnitude. (App. 4, ¶¶ 5, 42). This factor, therefore, supports approving the relief provided by this settlement.*

## 11. *In re General Motors LLC Ignition Switch Litig.*

No. 2543 (MDL) (S.D.N.Y.)

<u>GM Ignition Switch Compensation Claims Resolution Facility</u>

Ms. Keough oversaw the creation of a Claims Facility for the submission of injury claims allegedly resulting from the faulty ignition switch. The Claims Facility worked with experts when evaluating the claim forms submitted. First, the Claims Facility reviewed thousands of pages of police reports, medical documentation, and pictures to determine whether a claim met the threshold standards of an eligible claim for further review by the expert. Second, the Claims Facility would inform the expert that a claim was ready for its review. Ms. Keough constructed a database which allowed for a seamless transfer of claim forms and supporting documentation to the expert for further review.

## 12. *In re General Motors LLC Ignition Switch Litig.*

**No. 2543 (MDL) (S.D.N.Y.)**

Ms. Keough was appointed the class action settlement administrator for the $120 million GM Ignition Switch settlement. On April 27, 2020, Honorable Jesse M. Furman approved the notice program designed by Ms. Keough and her team and the notice documents they drafted with the parties:

> *The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

> *The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator...*

Under Ms. Keough's direction, JND mailed notice to nearly 30 million potential class members.

On December 18, 2020, Honorable Jesse M. Furman granted final approval:

> *The Court confirms the appointment of Jennifer Keough of JND Legal Administration ("JND") as Class Action Settlement Administrator and directs Ms. Keough to carry out all duties and responsibilities of the Class Action Settlement Administrator as specified in the Settlement Agreement and herein...The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), and fully comply with all laws, including the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

### 13. *In re Mercedes-Benz Emissions Litig.*

**No. 16-cv-881 (D.N.J.)**

JND Legal Administration was appointed as the Settlement Administrator in this $1.5 billion settlement wherein Daimler AG and its subsidiary Mercedes-Benz USA reached an agreement to settle a consumer class action alleging that the automotive companies unlawfully misled consumers into purchasing certain diesel type vehicles by misrepresenting the environmental impact of these vehicles during on-road driving.  As part of its appointment, the Court approved Jennifer Keough's proposed notice plan and authorized JND Legal Administration to provide notice and claims administration services.

> *The Court finds that the content, format, and method of disseminating notice, as set forth in the Motion, Declaration of JND Legal Administration, the Class Action Agreement, and the proposed Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") – including direct First Class mailed notice to all known members of the Class deposited in the mail within the later of (a) 15 business days of the Preliminary Approval Order; or (b) 15 business days after a federal district court enters the US-CA Consent Decree – is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B). The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the Class Action Settlement to the Class under Rule 23(e)(1)...JND Legal Administration is hereby appointed as the Settlement Administrator and shall perform all duties of the Settlement Administrator set forth in the Class Action Settlement.*

On July 12, 2021, the Court granted final approval of the settlement:

> *The Court has again reviewed the Class Notice Program and finds that Class Members received the best notice practicable under the circumstances.*

## 14. *In re MyFord Touch Consumer Litig.*

**No. 13-cv-3072 (EMC) (N.D. Cal.)**

Ms. Keough was retained as the Notice Expert in this $17 million automotive settlement. Under her direction, the JND team created a multi-faceted website with a VIN # lookup function that provided thorough data on individual car repair history. To assure all of the data was safeguarded, JND hired a third-party to attempt to hack it, demonstrating our commitment to ensuring the security of all client and claimant data. Their attempts were unsuccessful.

In his December 17, 2019 final approval order Judge Edward M. Chen remarked on the positive reaction that the settlement received:

> *The Court finds that the Class Notice was the best practicable notice under the circumstances, and has been given to all Settlement Class Members known and reasonably identifiable in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process... The Court notes that the reaction of the class was positive: only one person objected to the settlement although, by request of the objector and in the absence of any opposition from the parties, that objection was converted to an opt-out at the hearing.*

## 15. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*

**No. 2179 (MDL) (E.D. La.)**

Following the closure of the Gulf Coast Claims Facility, the Deepwater Horizon Settlement claims program was created. There were two separate legal settlements that provided for two claims administration programs. One of the programs was for the submission of medical claims and the other was for the submission of economic and property damage claims. Ms. Keough played a key role in the formation of the claims program for the evaluation of economic and property damage claims. Additionally, Ms. Keough built and supervised the back-office mail and processing center in Hammond, Louisiana, which was the hub of the program. The Hammond center was visited several times by

Claims Administrator Pat Juneau -- as well as by the District Court Judge and Magistrate -- who described it as a shining star of the program.

## 16.  *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*

### No. 13-2441 (MDL) (D. Minn.)

Ms. Keough and her team were designated as the escrow agent and claims processor in this $1 billion settlement designed to compensate eligible U.S. Patients who had surgery to replace their Rejuvenate Modular-Neck and/or ABG II Modular-Neck hip stems prior to November 3, 2014. As the claims processor, Ms. Keough and her team designed internal procedures to ensure the accurate review of all medical documentation received; designed an interactive website which included online claim filing; and established a toll-free number to allow class members to receive information about the settlement 24 hours a day. Additionally, she oversaw the creation of a deficiency process to ensure claimants were notified of their deficient submission and provided an opportunity to cure. The program also included an auditing procedure designed to detect fraudulent claims and a process for distributing initial and supplemental payments. Approximately 95% of the registered eligible patients enrolled in the settlement program.

## 17.  *In re The Engle Trust Fund*

### No. 94-08273 CA 22 (Fla. 11th Jud. Cir. Ct.)

Ms. Keough played a key role in administering this $600 million landmark case against the country's five largest tobacco companies. Miles A. McGrane, III, Trustee to the Engle Trust Fund recognized Ms. Keough's role when he stated:

> *The outstanding organizational and administrative skills of Jennifer Keough cannot be overstated. Jennifer was most valuable to me in handling numerous substantive issues in connection with the landmark Engle Trust Fund matter. And, in her communications with affected class members, Jennifer proved to be a caring expert at what she does.*

## 18. *In re Washington Mut. Inc., Sec. Litig.*

**No. 08-md-1919 MJP (W.D. Wash.)**

Ms. Keough supervised the notice and claims administration for this securities class action, which included three separate settlements with defendants totaling $208.5 million. In addition to mailing notice to over one million class members, Ms. Keough managed the claims administration program, including the review and processing of claims, notification of claim deficiencies, and distribution. In preparation for the processing of claims, Ms. Keough and her team established a unique database to store the proofs of claim and supporting documentation; trained staff to the particulars of this settlement; created multiple computer programs for the entry of class member's unique information; and developed a program to calculate the recognized loss amounts pursuant to the plan of allocation. The program was designed to allow proofs of claim to be filed by mail or through an online portal. A deficiency process was established in order to reach out to class members who submitted incomplete proof of claims. The deficiency process involved reaching out to claimants via letters, emails, and telephone calls.

## 19. *King v. Bumble Trading Inc*

**No. 18-cv-06868-NC  (N.D. Cal.)**

Ms. Keough served as the notice expert in this $22.5 million settlement that alleged that Bumble's Terms & Conditions failed to notify subscribers nationwide of their legal right to cancel their Boost subscription and obtain a refund within three business days of purchase, and for certain users in California, that Bumble's auto-renewal practices violated California law.

JND received two files of class member data containing over 7.1 million records. Our team analyzed the data to identify duplicates and then we further analyzed the unique records, using programmatic techniques and manual review, to identify accounts that had identical information in an effort to prevent multiple

notices being sent to the same class member. Through this process, JND was able to reduce the number of records to less than 6.3 million contacts.

Approving the settlement on December 18, 2020, Judge Nathanael M. Cousins, acknowledged the high success of our notice efforts:

> *Pursuant to the Court's Preliminary Approval Order, the Court appointed JND Settlement Administrators as the Settlement Administrator... JND sent court-approved Email Notices to millions of class members...Overall, approximately 81% of the Settlement Class Members were successfully sent either an Email or Mailed Notice...JND supplemented these Notices with a Press Release which Global Newswire published on July 18, 2020... In sum, the Court finds that, viewed as a whole, the settlement is sufficiently "fair, adequate, and reasonable" to warrant approval.*

## 20. *Linneman v. Vita-Mix Corp.*

**No. 15-cv-748 (S.D. Ohio)**

Ms. Keough was hired by Plaintiff Counsel to design a notice program regarding this consumer settlement related to allegedly defective blenders. The Court approved Ms. Keough's plan and designated her as the notice expert for this case. As direct notice to the entire class was impracticable due to the nature of the case, Ms. Keough proposed a multi-faceted notice program. Direct notice was provided by mail or email to those purchasers identified through data obtained from Vita-Mix and third parties, such as retailers, dealers, distributors, or restaurant supply stores. To reach the unknown class members, Ms. Keough oversaw the design of an extensive media plan that included: published notice in *Cooking Light*, *Good Housekeeping*, and *People* magazine and digital notice; placements through Facebook/Instagram, Twitter, and Conversant; and paid search campaign through Google and Bing. In addition, the program included an informational and interactive website where class members could submit claims electronically, and a toll-free number that provided information to class

members 24 hours a day. When approving the plan, Honorable Susan J. Dlott stated (May 3, 2018):

> *JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

## 21. *Loblaw Card Program*

Jennifer Keough was selected by major Canadian retailer Loblaw and its counsel to act as program administrator in its voluntary remediation program. The program was created as a response to a price-fixing scheme perpetrated by some employees of the company involving bread products. The program offered a $25 gift card to all adults in Canada who purchased bread products in Loblaw stores between 2002 and 2015. Some 28 million Canadian residents were potential claimants. Ms. Keough and her team: (1) built an interactive website that was capable of withstanding hundreds of millions of "hits" in a short period of time; (2) built, staffed and trained a call center with operators available to take calls twelve hours a day, six days a week; (3) oversaw the vendor in charge of producing and distributing the cards; (4) was in charge of designing and overseeing fraud prevention procedures; and (5) handled myriad other tasks related to this high-profile and complex project.

## 22. *McWilliams v. City of Long Beach*

**No. BC261469 (Cal. Super. Ct.)**

Ms. Keough and her team designed and implemented an extensive notice program for the City of Long Beach telephone tax refund settlement. In addition to sending direct notice to all addresses within the City of Long Beach utility

billing system and from its GIS provider, and to all registered businesses during the class period, JND implemented a robust media campaign that alone reached 88% of the Class. The media effort included leading English and Spanish magazines and newspapers, a digital effort, local cable television and radio, an internet search campaign, and a press release distributed in both English and Spanish. The 12% claims rate exceeded expectations.

Judge Maren E. Nelson acknowledged the program's effectiveness in her final approval order on October 30, 2018:

> It is estimated that JND's Media Notice plan reached 88% of the Class and the overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.

### 23. *New Orleans Tax Assessor Project*

After Hurricane Katrina, the City of New Orleans began to reappraise properties in the area which caused property values to rise. Thousands of property owners appealed their new property values and the City Council did not have the capacity to handle all the appeals in a timely manner. As a result of the large number of appeals, the City of New Orleans hired Ms. Keough to design a unique database to store each appellant's historical property documentation. Additionally, Ms. Keough designed a facility responsible for scheduling and coordinating meetings between the 5,000 property owners who appealed their property values and real estate agents or appraisers. The database that Ms. Keough designed facilitated the meetings between the property owners and the property appraisers by allowing the property appraisers to review the property owner's documentation before and during the appointment with them.

### 24. *USC Student Health Ctr. Settlement*

**No. 18-cv-04258-SVW (C.D. Cal.)**

JND was approved as the Settlement Administrator in this important $215 million settlement that provides compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall at the USC Student Health Center during a nearly 30-year period. Ms. Keough and her team designed a notice effort that included: mailed and email notice to potential Class members; digital notices on Facebook, LinkedIn, and Twitter; an internet search effort; notice placements in USC publications/eNewsletters; and a press release. In addition, her team worked with USC staff to ensure notice postings around campus, on USC's website and social media accounts, and in USC alumni communications, among other things. Ms. Keough ensured the establishment of an all-female call center, whose operators were fully trained to handle delicate interactions, with the goal of providing excellent service and assistance to every woman affected. She also worked with the JND staff handling lien resolution for this case. Preliminarily approving the settlement, Honorable Stephen V. Wilson stated (June 12, 2019):

> The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.

### 25. *Williams v. Weyerhaeuser Co.*

**Civil Action No. 995787 (Cal. Super. Ct.)**

This landmark consumer fraud litigation against Weyerhaeuser Co. had over $100 million in claims paid. The action involved exterior hardboard siding installed on homes and other structures throughout the United States from January 1, 1981 to December 31, 1999 that was alleged to be defective and prematurely fail when exposed to normal weather conditions.

Ms. Keough oversaw the administration efforts of this program, both when she was employed by Perkins Coie, who represented defendants, and later when she joined the administration firm handling the case. The claims program was extensive and went on for nine years, with varying claims deadlines depending on when the class member installed the original Weyerhaeuser siding.  The program involved not just payments to class members, but an inspection component where a court-appointed inspector analyzed the particular claimant's siding to determine the eligibility and award level.  Class members received a check for their damages, based upon the total square footage of damaged siding, multiplied by the cost of replacing, or, in some instances, repairing, the siding on their homes.  Ms. Keough oversaw the entirety of the program from start to finish.



# III.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Keough's work as outlined above and by the sampling of judicial comments from JND programs listed below.

## 1.  Judge William M. Conley

*Bruzek v. Husky Oil Operations Ltd., (January 31, 2022*)
No. 18-cv-00697 (W.D. Wis.):

*The claims administrator estimates that at least 70% of the class received notice... the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).*

## 2.  Judge Timothy J. Corrigan

*Levy v. Dolgencorp, LLC,* (December 2, 2021)
No. 20-cv-01037-TJC-MCR (M.D. Fla.):

*No Settlement Class Member has objected to the Settlement and only one Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court...The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice Program fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

## 3.  Honorable Nelson S. Roman

*Swetz v. GSK Consumer Health, Inc.,* (November 22, 2021) No. 20-cv-04731 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic*

*media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.*

### 4.  Honorable James V. Selna

***Herrera v. Wells Fargo Bank, N.A.,*** (November 16, 2021)
No. 18-cv-00332-JVS-MRW (C.D. Cal.):

*On June 8, 2021, the Court appointed JND Legal Administration ("JND") as the Claims Administrator... JND mailed notice to approximately 2,678,266 potential Non-Statutory Subclass Members and 119,680 Statutory Subclass Members.  Id. ¶ 5. 90% of mailings to Non-Statutory Subclass Members were deemed delivered, and 81% of mailings to Statutory Subclass Members were deemed delivered.  Id. ¶ 9. Follow-up email notices were sent to 1,977,514 potential Non-Statutory Subclass Members and 170,333 Statutory Subclass Members, of which 91% and 89% were deemed delivered, respectively.  Id. ¶ 12.  A digital advertising campaign  generated an additional 5,195,027 views.  Id.  ¶ 13...Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.*

### 5.  Judge Mark C. Scarsi

***Patrick v. Volkswagen Grp. of Am., Inc.,*** (September 18, 2021)
No. 19-cv-01908-MCS-ADS (C.D. Cal.):

*The Court finds that, as demonstrated by the Declaration of Jennifer M. Keough and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

### 6.   Judge Morrison C. England, Jr.

*Martinelli v. Johnson & Johnson,* (September 27, 2021)
No. 15-cv-01733-MCE-DB (E.D. Cal.):

*The Court appoints JND, a well-qualified and experienced claims and notice administrator, as the Settlement Administrator.*

### 7.   Honorable Nathanael M. Cousins

*Malone v. Western Digital Corp.,* (July 21, 2021) No. 20-cv-03584-NC (N.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator... The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program— which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.*

### 8.   Judge Mark H.Cohen

*Pinon v. Mercedes-Benz USA, LLC and Daimler AG,* (March 29, 2021)
No. 18-cv-3984 (N.D. Ga.):

*The Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in the Motion, the Declaration of the Settlement Administrator (Declaration of Jennifer M. Keough Regarding Proposed Notice Plan) [Doc. 70-7], and the Settlement Agreement, including postcard notice disseminated through direct U.S. Mail to all known Class Members and establishment of a website: (a) constitutes the*

*best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies all requirements provided Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designated to be readily understandable by the Settlement Class...This Court also approves the Postcard Notice, the Long Form Notice, the Reimbursement Claim Form, and the Qualified Future Repair Claim Form in substantially the form as attached as Exhibits B to E to the Declaration of Jennifer M. Keough Regarding Proposed Notice Plan.*

## 9.  Honorable Daniel D. Domenico

***Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,*** (January 29, 2021) No. 18-cv-01897-DDD-NYW (D. Colo.):

*The court approves the form and contents of the Short-Form and Long Form Notices attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on January 26, 2021...The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)...The court approves the retention of JND Legal Administration LLC as the Notice Administrator.*

## 10.  Honorable Virginia A. Phillips

***Sonner v. Schwabe N. Am., Inc.,*** (January 25, 2021) No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*Following preliminary approval of the settlement by the Court, the settlement administrator provided notice to the Settlement Class through a digital media campaign.  (Dkt. 203-5).  The Notice explains in plain language what the case is about, what the recipient is entitled to, and the options available to the recipient in connection with this case, as well as the consequences of each option.  (Id., Ex. E).*

*During the allotted response period, the settlement administrator received no requests for exclusion and just one objection, which was later withdrawn. (Dkt. 203-1, at 11).*

*Given the low number of objections and the absence of any requests for exclusion, the Class response is favorable overall.  Accordingly, this factor also weighs in favor of approval.*

## 11.  Honorable R. Gary Klausner

**A.B. v. Regents of the Univ. of California,** (January 8, 2021)
No. 20-cv-09555-RGK-E (C.D. Cal.):

*The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the LA times and People magazine, and a national press release. Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.*

## 12.  Judge Vernon S. Broderick, Jr.

**In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,** (December 16, 2020)
No. 14-md-02542 (S.D.N.Y.):

*I further appoint JND as Claims Administrator.  JND's principals have more than 75 years-worth of combined class action legal administration experience, and JND has handled some of the largest recent settlement administration issues, including the Equifax Data Breach Settlement.  (Doc. 1115 ¶ 5.)  JND also has extensive experience in handling claims administration in the antitrust context.  (Id.  ¶ 6.) Accordingly, I appoint JND as Claims Administrator.*

### 13. Honorable Laurel Beeler

*Sidibe v. Sutter Health,* (November 5, 2020)
No. 12-cv-4854-LB (N.D. Cal.):

*Class Counsel has retained JND Legal Administration ("JND"), an experienced class notice administration firm, to administer notice to the Class. The Court appoints JND as the Class Notice Administrator. JND shall provide notice of pendency of the class action consistent with the procedures outlined in the Keough Declaration.*

### 14. Judge Carolyn B. Kuhl

*Sandoval v. Merlex Stucco Inc.,* (October 30, 2020)
No. BC619322 (Cal. Super. Ct.):

*Additional Class Member class members, and because their names and addresses have not yet been confirmed, will be notified of the pendency of this settlement via the digital media campaign outlined by the Keough/JND Legal declaration...the Court approves the Parties selection of JND Legal as the third-party Claims Administrator.*

### 15. Honorable Louis L. Stanton

*Rick Nelson Co. v. Sony Music Ent.,* (September 16, 2020)
No. 18-cv-08791 (S.D.N.Y.):

*The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation...The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process. and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

### 16.  Judge Steven W. Wilson

***Amador v Baca,*** (August 11, 2020)
No. 10-cv-1649 (C.D. Cal.):

*Class Counsel, in conjunction with JND, have also facilitated substantial notice and outreach to the relatively disparate and sometimes difficult to contact class of more than 94,000 individuals, which has resulted in a relatively high claims rate of between 33% and 40%, pending final verification of deficient claims forms. Their conduct both during litigation and after settlement was reached was adequate in all respects, and supports approval of the Settlement Agreement.*

### 17.  Judge Stephanie M. Rose

***Swinton v. SquareTrade, Inc.,*** (April 14, 2020)
No. 18-CV-00144-SMR-SBJ (S.D. Iowa):

*This publication notice appears to have been effective.  The digital ads were linked to the Settlement Website, and Google Analytics and other measures indicate that, during the Publication Notice Period, traffic to the Settlement Website was at its peak.*

### 18.  Judge Joan B. Gottschall

***In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods.,*** (January 3, 2020)
No. 14-cv-10318 (N.D. Ill.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

### 19. Honorable Steven I. Locke

***Donnenfield v. Petro, Inc.,*** (December 4, 2019)
No. 17-cv-02310 (E.D.N.Y.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

### 20. Honorable Amy D. Hogue

***Trepte v. Bionaire, Inc.,*** (November 5, 2019)
No. BC540110 (Cal. Super. Ct.):

*The Court appoints JND Legal Administration as the Class Administrator... The Court finds that the forms of notice to the Settlement Class regarding the pendency of the action and of this settlement, and the methods of giving notice to members of the Settlement Class... constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class. They comply fully with the requirements of California Code of Civil Procedure section 382, California Civil Code section 1781, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.*

### 21. Judge Cormac J. Carney

***In re ConAgra Foods Inc.,*** (October 8, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*Following the Court's preliminary approval, JND used a multi-pronged notice campaign to reach people who purchased Wesson Oils...As of September 19, 2019, only one class member requested to opt out of the settlement class, with another class member objecting to the settlement. The reaction of the class has thus been overwhelmingly positive, and this factor favors final approval.*

## 22. Judge Barbara Jacobs Rothstein

***Wright v. Lyft, Inc.,*** (May 29, 2019)
No. 17-cv-23307-MGC 14-cv-00421-BJR (W.D. Wash.):

*The Court also finds that the proposed method of distributing relief to the class is effective. JND Legal Administration ("JND"), an experienced claims administrator, undertook a robust notice program that was approved by this Court…*

## 23. Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator…The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

## 24. Honorable James Donato

***In re Resistors Antitrust Litig.,*** (May 2, 2019)
No. 15-cv-03820-JD (N.D. Cal.):

*The Court approves as to form and content the proposed notice forms, including the long form notice and summary notice, attached as Exhibits B and D to the Second Supplemental Declaration of Jennifer M. Keough Regarding Proposed Notice Program (ECF No. 534-3). The Court further finds that the proposed plan of notice – including Class Counsel's agreement at the preliminary approval hearing for the KOA Settlement that direct notice would be effectuated through both U.S. mail and electronic mail to the extent electronic mail addresses can be identified following a reasonable search – and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable*

*under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.The Court appoints the firm of JND Legal Administration LLC as the Settlement Administrator.*

## 25. Honorable Leigh Martin May

**Bankhead v. First Advantage Background Serv. Corp.,** (April 30, 2019)
No. 17-cv-02910-LMM-CCB (N.D. Ga.):

*The Court appoints JND Legal Administration as Settlement Administrator... The Court approves the notice plans for the Class as set forth in the declaration of the JND Legal Administration. The Court finds that class notice fully satisfies the requirements of due process of the Federal Rules of Civil Procedure. The notice plan constitutes the best notice practicable under the circumstances of the Class.*

## 26. Honorable P. Kevin Castel

**Hanks v. Lincoln Life & Annuity Co. of New York,** (April 23, 2019)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form Notice and Long-Form Notice (collectively, the "Notices") attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on April 2, 2019, at Docket No. 120...The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto...the Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

## 27. Judge Cormac J. Carney

**In re ConAgra Foods Inc,** (April 4, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*The bids were submitted to Judge McCormick, who ultimately chose JND Legal Administration to propose to the Court to serve as the settlement administrator.*

*(Id. ¶ 65.) In addition to being selected by a neutral third party, JND Legal Administration appears to be well qualified to administer the claims in this case... The Court appoints JND Legal Administration as Settlement Administrator... JND Legal Administration will reach class members through a consumer media campaign, including a national print effort in People magazine, a digital effort targeting consumers in the relevant states through Google Display Network and Facebook, newspaper notice placements in the Los Angeles Daily News, and an internet search effort on Google. (Keough Decl. ¶ 14.) JND Legal Administration will also distribute press releases to media outlets nationwide and establish a settlement website and toll-free phone number. (Id.) The print and digital media effort is designed to reach 70% of the potential class members. (Id.) The newspaper notice placements, internet search effort, and press release distribution are intended to enhance the notice's reach beyond the estimated 70%. (Id.)*

## 28.  Judge Kathleen M. Daily

***Podawiltz v. Swisher Int'l, Inc.,*** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

## 29.  Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

### 30. Honorable Thomas M. Durkin

*In re Broiler Chicken Antitrust Litig.,* (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 31. Judge Maren E. Nelson

*Granados v. Cnty. of Los Angeles,* (October 30, 2018)
No. BC361470 (Cal. Super. Ct.):

*JND's Media Notice plan is estimated to have reached 83% of the Class. The overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 32. Judge Cheryl L. Pollak

*Dover v. British Airways, PLC (UK),* (October 9, 2018)
No. 12-cv-5567 (E.D.N.Y.), in response to two objections:

*JND Legal Administration was appointed as the Settlement Claims Administrator, responsible for providing the required notices to Class Members and overseeing the claims process, particularly the processing of Cash Claim Forms…the overwhelmingly positive response to the Settlement by the Class Members, reinforces the Court's conclusion that the Settlement is fair, adequate, and reasonable.*

### 33.  Judge Edward J. Davila

*In re Intuit Data Litig.,* (October 4, 2018)
No. 15-CV-1778-EJD (N.D. Cal.):

*The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator...The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement. The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.*

### 34.  Judge Ann D. Montgomery

*In re Wholesale Grocery Prod. Antitrust Litig.,* (November 16, 2017)
No. 9-md-2090 (ADM) (TNL) (D. Minn.):

*Notice provider and claims administrator JND Legal Administration LLC provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement. This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.*

### 35.  Honorable David O. Carter

*Hernandez v. Experian Info. Sols., Inc.,* (April 6, 2018)
No. 05-cv-1070 (C.D. Cal.):

*The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of*

Class members who will receive claimed benefits—not including the almost 100,000 Class members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.



# IV. CASE EXPERIENCE

Ms. Keough has played an important role in hundreds of matters throughout her career. A partial listing of her notice and claims administration case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Aaland v. Contractors.com and One Planet Ops* | 19-2-242124 SEA | Wash. Super. Ct. |
| *A.B. v. Regents of the Univ. of California* | 20-cv-09555-RGK-E | C.D. Cal. |
| *Achziger v. IDS Prop. Cas. Ins.* | 14-cv-5445 | W.D. Wash. |
| *Adair v. Michigan Pain Specialist, PLLC* | 14-28156-NO | Mich. Cir. |
| *Adkins v. EQT Prod. Co.* | 10-cv-00037-JPJ-PMS | W.D. Va. |
| *Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.* | 18-cv-01897-DDD-NYW | D. Colo. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Allagas v. BP Solar Int'l, Inc.* | 14-cv-00560 (SI) | N.D. Cal. |
| *Amador v. Baca* | 10-cv-1649 | C.D. Cal. |
| *Amin v. Mercedes-Benz USA, LLC* | 17-cv-01701-AT | N.D. Ga. |
| *Anger v. Accretive Health* | 14-cv-12864 | E.D. Mich. |
| *Arthur v. Sallie Mae, Inc.* | 10-cv-00198-JLR | W.D. Wash. |
| *Atkins v. Nat'l. Gen. Ins. Co.* | 16-2-04728-4 | Wash. Super. Ct. |
| *Atl. Ambulance Corp. v. Cullum & Hitti* | MRS-L-264-12 | N.J. Super. Ct. |
| *Avila v. LifeLock Inc.* | 15-cv-01398-SRB | D. Ariz. |
| *Backer Law Firm, LLC v. Costco Wholesale Corp.* | 15-cv-327 (SRB) | W.D. Mo. |
| *Baker v. Equity Residential Mgmt., LLC* | 18-cv-11175 | D. Mass. |
| *Bankhead v. First Advantage Background Servs. Corp.* | 17-cv-02910-LMM-CCB | N.D. Ga. |
| *Barclays Dark Pool Sec. Litig.* | 14-cv-5797 (VM) | S.D.N.Y. |
| *Barrios v. City of Chicago* | 15-cv-02648 | N.D. Ill. |
| *Beezley v. Fenix Parts, Inc.* | 17-cv-7896 | N.D. Ill. |
| *Belanger v. RoundPoint Mortg. Servicing* | 17-cv-23307-MGC | S.D. Fla. |
| *Beltran v. InterExchange, Inc.* | 14-cv-3074 | D. Colo. |
| *BlackRock Core Bond Portfolio v. Wells Fargo* | 65687/2016 | N.Y. Super. Ct. |
| *Bland v. Premier Nutrition Corp.* | RG19-002714 | Cal. Super. Ct. |
| *Blasi v. United Debt Serv., LLC* | 14-cv-0083 | S.D. Ohio |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Bollenbach Enters. Ltd. P'ship. v. Oklahoma Energy Acquisitions* | 17-cv-134 | W.D. Okla. |
| *Boskie v. Backgroundchecks.com* | 2019CP3200824 | S.C. C.P. |
| *Boyd v. RREM Inc., d/b/a Winston* | 2019-CH-02321 | Ill. Cir. Ct. |
| *Bradley v. Honecker Cowling LLP* | 18-cv-01929-CL | D. Or. |
| *Brna v. Isle of Capri Casinos* | 17-cv-60144 (FAM) | S.D. Fla. |
| *Browning v. Yahoo!* | C04-01463 HRL | N.D. Cal. |
| *Bruzek v. Husky Oil Operations Ltd.* | 18-cv-00697 | W.D. Wis. |
| *Careathers v. Red Bull N. Am., Inc.* | 13-cv-369 (KPF) | S.D.N.Y. |
| *Carillo v. Wells Fargo Bank, N.A.* | 18-cv-03095 | E.D.N.Y. |
| *Carmack v. Amaya Inc.* | 16-cv-1884 | D.N.J. |
| *Cecil v. BP Am. Prod. Co.* | 16-cv-410 (RAW) | E.D. Okla. |
| *Chamblee v. TerraForm Power, Inc.* | 16 MD 2742 (PKC)(AJP) | S.D.N.Y. |
| *Chester v. TJX Cos.* | 15-cv-1437 (ODW) (DTB) | C.D. Cal. |
| *Chieftain Royalty Co. v. BP Am. Prod. Co.* | 18-cv-00054-JFH-JFJ | N.D. Okla. |
| *Chieftain Royalty Co. v. Marathon Oil Co.* | 17-cv-334 | E.D. Okla. |
| *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.* | 17-cv-00336-KEW | E.D. Okla. |
| *Chieftain Royalty Co. v. SM Energy Co.* | 18-cv-01225-J | W.D. Okla. |
| *Chieftain Royalty Co. v. XTO Energy, Inc.* | 11-cv-00029-KEW | E.D. Okla. |
| *Christopher v. Residence Mut. Ins. Co.* | CIVDS1711860 | Cal. Super. Ct. |
| *City of Los Angeles v. Bankrate, Inc.* | 14-cv-81323 (DMM) | S.D. Fla. |
| *Cline v Sunoco, Inc.* | 17-cv-313-JAG | E.D. Okla. |
| *Cline v. TouchTunes Music Corp.* | 14-CIV-4744 (LAK) | S.D.N.Y. |
| *Cobell v. Salazar* | 96-cv-1285 (TFH) | D.D.C. |
| *Common Ground Healthcare Coop. v. United States* | 17-877C | F.C.C. |
| *Cooper Clark Found. v. Oxy USA* | 2017-CV-000003 | D. Kan. |
| *Corker v. Costco Wholesale Corp.* | 19-cv-00290-RSL | W.D. Wash. |
| *Corona v. Sony Pictures Entm't Inc.* | 14–CV–09600–RGK–E | C.D. Cal. |
| *Courtney v. Avid Tech., Inc.* | 13-cv-10686-WGY | D. Mass. |
| *Dahy v. FedEx Ground Package Sys., Inc.* | GD-17-015638 | C.P. Pa. |
| *Dargoltz v. Fashion Mkting & Merch. Grp.* | 2021-009781-CA-01 | Fla. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *DASA Inv., Inc. v. EnerVest Operating LLC* | 18-cv-00083-SPS | E.D. Okla. |
| *Davis v. Carfax, Inc.* | CJ-04-1316L | D. Okla. |
| *Davis v. State Farm Ins.* | 19-cv-466 | W.D. Ky. |
| *Davis v. Yelp Inc.* | 18-cv-00400-EMC | N.D. Cal. |
| *DeFrees v. Kirkland and U.S. Aerospace, Inc.* | CV 11-04574 | C.D. Cal. |
| *de Lacour v. Colgate-Palmolive Co.* | 16-cv-8364-KW | S.D.N.Y. |
| *Delkener v. Cottage Health Sys.* | 30-2016-847934 (CU) (NP) (CXC) | Cal. Super. Ct. |
| *DeMarco v. AvalonBay Communities, Inc.* | 15-cv-00628-JLL-JAD | D.N.J. |
| *Deora v Nanthealth* | 17-cv-01825-TJH-MRWx | C.D. Cal. |
| *Diel v Salal Credit Union* | 19-2-10266-7 KNT | Wash. Super. Ct. |
| *Djoric v. Justin Brands, Inc.* | BC574927 | Cal. Super. Ct. |
| *Doan v. CORT Furniture Rental Corp.* | 30-2017-00904345-CU-BT-CXC | Cal. Super. Ct. |
| *Doan v. State Farm Gen. Ins. Co.* | 1-08-cv-129264 | Cal. Super. Ct. |
| *Donnenfield v. Petro, Inc.* | 17-cv-02310 | E.D.N.Y. |
| *Dougherty v. Barrett Bus. Serv., Inc.* | 17-2-05619-1 | Wash. Super. Ct. |
| *Doughtery v. QuickSIUS, LLC* | 15-cv-06432-JHS | E.D. Pa. |
| *Dover v. British Airways, PLC (UK)* | 12-cv-5567 | E.D.N.Y. |
| *Dwyer v. Snap Fitness, Inc.* | 17-cv-00455-MRB | S.D. Ohio |
| *Edwards v. Arkansas Cancer Clinic, P.A.* | 35CV-18-1171 | Ark. Cir. Ct. |
| *Edwards v. Hearst Commc'ns., Inc.* | 15-cv-9279 (AT) (JLC) | S.D.N.Y. |
| *Engquist v. City of Los Angeles* | BC591331 | Cal. Super. Ct. |
| *Erica P. John Fund, Inc. v. Halliburton Co.* | 02-cv-1152 | N.D. Tex. |
| *Expedia Hotel Taxes & Fees Litig.* | 05-2-02060-1 (SEA) | Wash. Super. Ct. |
| *Family Med. Pharmacy LLC v. Impax Labs., Inc.* | 17-cv-53 | S.D. Ala. |
| *Family Med. Pharmacy LLC v. Trxade Grp. Inc.* | 15-cv-00590-KD-B | S.D. Ala. |
| *Farmer v. Bank of Am.* | 11-cv-00935-OLG | W.D. Tex. |
| *Farris v. Carlinville Rehab and Health Care Ctr.* | 2019CH42 | Ill. Cir. Ct. |
| *Fielder v. Mechanics Bank* | BC721391 | Cal. Super. Ct. |
| *Finerman v. Marriott Ownership Resorts, Inc.* | 14-cv-1154-J-32MCR | M.D. Fla. |
| *Fishon v. Premier Nutrition Corp.* | 16-CV-06980-RS | N.D. Cal. |
| *Fitzgerald v. Lime Rock Res.* | CJ-2017-31 | Okla. Dist. Ct. |
| *Folweiler v. Am. Family Ins. Co.* | 16-2-16112-0 | Wash. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Fosbrink v. Area Wide Protective, Inc.* | 17-cv-1154-T-30CPT | M.D. Fla. |
| *Franklin v. Equity Residential* | 651360/2016 | N.Y. Super. Ct. |
| *Fresno Cnty. Employees Ret. Assoc. v. comScore Inc.* | 16-cv-1820 (JGK) | S.D.N.Y. |
| *Frost v. LG Elec. MobileComm U.S.A., Inc.* | 37-2012-00098755-CU-PL-CTL | Cal. Super. Ct. |
| *FTC v. Consumerinfo.com* | SACV05-801 AHS (MLGx) | C.D. Cal. |
| *FTC v. Reckitt Benckiser Grp. PLC* | 19CV00028 | W.D. Va. |
| *Gehrich v. Howe* | 37-2018-00041295-CU-SL-CTL | N.D. Ga. |
| *Gonzalez v. Banner Bank* | 20-cv-05151-SAB | E.D. Wash. |
| *Gonzalez-Tzita v. City of Los Angeles* | 16-cv-00194 | C.D. Cal. |
| *Gormley v. magicJack Vocaltec Ltd.* | 16-cv-1869 | S.D.N.Y. |
| *Graf v. Orbit Machining Co.* | 2020CH03280 | Ill. Cir. Ct. |
| *Gragg v. Orange Cab Co.* | C12-0576RSL | W.D. Wash. |
| *Granados v. Cnty. of Los Angeles* | BC361470 | Cal. Super., Ct. |
| *Gudz v. Jemrock Realty Co., LLC* | 603555/2009 | N.Y. Super. Ct. |
| *Guevoura Fund Ltd. v. Sillerman* | 15-cv-07192-CM | S.D.N.Y. |
| *Hahn v. Hanil Dev., Inc.* | BC468669 | Cal. Super. Ct. |
| *Haines v. Washington Trust Bank* | 20-2-10459-1 | Wash. Super. Ct. |
| *Halperin v. YouFit Health Clubs* | 18-cv-61722-WPD | S.D. Fla. |
| *Hanks v. Lincoln Life & Annuity Co. of New York* | 16-cv-6399 PKC | S.D.N.Y. |
| *Harrington v. Wells Fargo Bank NA* | 19-cv-11180-RGS | D. Mass. |
| *Harris v. Chevron U.S.A., Inc.* | 15-cv-00094 | W.D. Okla. |
| *Hawker v. Pekin Ins. Co.* | 20-cv-00830 | S.D. Ohio |
| *Hay Creek Royalties, LLC v. Roan Res. LLC* | 19-cv-00177-CVE-JFJ | N.D. Okla. |
| *Health Republic Ins. Co. v. United States* | 16-259C | F.C.C. |
| *Henry Price Trust v Plains Mkting* | 19-cv-00390-RAW | E.D. Okla. |
| *Hernandez v. Experian Info. Sols., Inc.* | 05-cv-1070 (DOC) (MLGx) | C.D. Cal. |
| *Hernandez v. Wells Fargo Bank, N.A.* | 18-cv-07354 | N.D. Cal. |
| *Herrera v. Wells Fargo Bank, N.A.* | 18-cv-00332-JVS-MRW | C.D. Cal. |
| *Hill v. Valli Produce of Evanston* | 2019CH13196 | Ill. Cir. Ct. |
| *Holmes v. LM Ins. Corp.* | 19-cv-00466 | M.D. Tenn. |
| *Holt v. Murphy Oil USA, Inc.* | 17-cv-911 | N.D. Fla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Horton v. Cavalry Portfolio Serv., LLC and Krejci v. Cavalry Portfolio Serv., LLC* | 13-cv-0307-JAH-WVG and 16-cv-00211-JAH-WVG | C.D. Cal. |
| *Howell v. Checkr, Inc.* | 17-cv-4305 | N.D. Cal. |
| *Hoyte v. Gov't of D.C.* | 13-cv-00569 | D.D.C. |
| *Hufford v. Maxim  Inc.* | 19-cv-04452-ALC-RWL | S.D.N.Y. |
| *Huntzinger v. Suunto Oy* | 37-2018-27159 (CU) (BT) (CTL) | Cal. Super. Ct. |
| *In re Air Cargo Shipping Servs. Antitrust Litig.* | 06-md-1775 (JG) (VVP) | E.D.N.Y. |
| *In re Akorn, Inc. Sec. Litig.* | 15-c-1944 | N.D. Ill. |
| *In re Am. Express Fin. Advisors Sec. Litig.* | 04 Civ. 1773 (DAB) | S.D.N.Y. |
| *In re AMR Corp. (Am. Airlines Bankr.)* | 1-15463 (SHL) | S.D.N.Y. |
| *In re Auction Houses Antitrust Litig.* | 00-648 (LAK) | S.D.N.Y. |
| *In re AudioEye, Inc. Sec. Litig.* | 15-cv-163 (DCB) | D. Ariz. |
| *In re AXA Equitable Life Ins. Co. COI Litig.* | 16-cv-740 | S.D.N.Y. |
| *In re Banner Health Data Breach Litig.* | 16-cv-02696 | D. Ariz. |
| *In re Blue Cross Blue Shield Antitrust Litig.* | 13-CV-20000-RDP | N.D. Ala. |
| *In re Bofl Holding, Inc. Sec. Litig.* | 15-cv-02324-GPC-KSC | S.D. Cal. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Chaparral Energy, Inc.* | 20-11947 (MFW) | D. Del. Bankr. |
| *In re Classmates.com* | C09-45RAJ | W.D. Wash. |
| *In re Cognizant Tech. Solutions Corp. Sec. Litig.* | 16-6509 | D.N.J. |
| *In re ConAgra Foods Inc.* | 11-cv-05379-CJC-AGR | C.D. Cal. |
| *In re CRM Holdings, Ltd. Sec. Litig.* | 10-cv-00975-RPP | S.D.N.Y. |
| *In re Equifax Inc. Customer Data Sec. Breach Litig.* | 17-md-2800-TWT | N.D. Ga. |
| *In re Equifax Inc. Sec. Litig.* | 17-cv-03463-TWT | N.D. Ga. |
| *In re General Motors LLC Ignition Switch Litig.* | 14-md-2543 | S.D.N.Y. |
| *In re Glob. Tel*Link Corp. Litig.* | 14-CV-5275 | W.D. Ark. |
| *In re GoPro, Inc. Shareholder Litig.* | CIV537077 | Cal. Super. Ct. |
| *In re Guess Outlet Store Pricing* | JCCP No. 4833 | Cal. Super. Ct. |
| *In re Helios and Matheson Analytics, Inc. Sec. Litig.* | 18-cv-06965JGK | S.D.N.Y. |
| *In re Illumina, Inc. Sec. Litig.* | 16-cv-03044-L-MSB | S.D. Cal. |
| *In re Initial Pub. Offering Sec. Litig. (IPO Sec. Litig.)* | No. 21-MC-92 | S.D.N.Y. |
| *In re Intuit Data Litig.* | 15-CV-1778-EJD | N.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re J.P. Morgan Stable Value Fund ERISA Litig.* | 12-cv-02548-VSB | S.D.N.Y. |
| *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig. (Indirect-Purchasers)* | 14-md-02542 | S.D.N.Y. |
| *In re Legacy Reserves LP Preferred Unitholder Litig.* | 2018-225 (JTL) | Del. Ch. |
| *In re LIBOR-Based Fin. Instruments Antitrust Litig.* | 11-md-2262 (NRB) | S.D.N.Y. |
| *In re Mercedes-Benz Emissions Litig.* | 16-cv-881 (KM) (ESK) | D.N.J. |
| *In re MyFord Touch Consumer Litig.* | 13-cv-3072 (EMC) | N.D. Cal. |
| *In re Mylan N.V. Sec. Litig* | 16-cv-07926-JPO | S.D.N.Y. |
| *In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.* | 14-cv-10318 | N.D. Ill. |
| *In re Novo Nordisk Sec. Litig.* | 17-cv-00209-BRM-LHG | D.N.J. |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* | 2179 (MDL) | E.D. La. |
| *In re PHH Lender Placed Ins. Litig.* | 12-cv-1117 (NLH) (KMW) | D.N.J. |
| *In re Pokémon Go Nuisance Litig.* | 16-cv-04300 | N.D. Cal. |
| *In re Polyurethane Foam Antitrust Litig.* | 10-md-196 (JZ) | N.D. Ohio |
| *In re Pre-Filled Propane Tank Antitrust Litig.* | 14-md-02567 | W.D. Mo. |
| *In re Processed Egg Prod. Antitrust Litig.* | 08-MD-02002 | E.D. Pa. |
| *In re Resideo Tech., Inc. Sec. Litig.* | 19-cv-02863 | D. Minn. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Rev Grp., Inc. Sec. Litig.* | 18-cv-1268-LA | E.D. Wis. |
| *In re Rockwell Med. Inc. Stockholder Derivative Litig.* | 19-cv-02373 | E.D. N.Y. |
| *In re Saks Inc. Shareholder Litig.* | 652724/2013 | N.Y. Super. Ct. |
| *In re Sheridan Holding Co. I, LLC* | 20-31884 (DRJ) | Bankr. S.D. Tex. |
| *In re Signet Jewelers Ltd, Sec. Litig.* | 16-cv-06728-CM-SDA | S.D.N.Y. |
| *In re Snap Inc. Sec. Litig.* | 17-cv-03679-SVW-AGR | C.D. Cal. |
| *In re Spectrum Brand Sec. Litig.* | 19-cv-347-JDP | W.D. Wis. |
| *In re Stellantis N.V. v. Sec. Litig.* | 19-CV-6770 (EK) (MMH) | E.D.N.Y. |
| *In re Stericycle, Inc. Sec. Litig.* | 16-cv-07145 | N.D. Ill. |
| *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.* | 13-md-2441 | D. Minn. |
| *In re Tenet Healthcare Corp. Sec.* | CV-02-8462-RSWL (Rzx) | C.D. Cal. |
| *In re Tesla Inc. Sec. Litig.* | 18-cv-04865-EMC | N.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re The Engle Trust Fund* | 94-08273 CA 22 | Fla. 11th Cir. Ct. |
| *In re Ubiquiti Networks Sec. Litig.* | 18-cv-01620 (VM) | S.D.N.Y. |
| *In re Unilife Corp. Sec. Litig.* | 16-cv-3976 (RA) | S.D.N.Y. |
| *In re Vale S.A. Sec. Litig.* | 15 Civ. 09539 (GHW) | S.D.N.Y. |
| *In re Washington Mut. Inc. Sec. Litig.* | 8-md-1919 (MJP) | W.D. Wash. |
| *In re Webloyalty.com, Inc. Mktg. & Sales Practices Litig.* | 06-11620-JLT | D. Mass. |
| *In re Wholesale Grocery Prod. Antitrust Litig.* | 9-md-2090 (ADM) (TNL) | D. Minn. |
| *In re Williams Sec. Litig.* | 02-CV-72-SPF (FHM) | N.D. Okla. |
| *In re Yahoo! Inc. Sec. Litig.* | 17-cv-373 | N.D. Cal. |
| *Jerome v. Elan 99, LLC* | 2018-02263 | Tx. Dist. Ct. |
| *Jet Capital Master Fund L.P. v. HRG Grp. Inc.* | 21-cv-552-jdp | W.D. Wis. |
| *Jeter v. Bullseye Energy, Inc.* | 12-cv-411 (TCK) (PJC) | N.D. Okla. |
| *Johnson v. Hyundai Capital Am.* | BC565263 | Cal. Super. Ct. |
| *Johnson v. MGM Holdings, Inc.* | 17-cv-00541 | W.D. Wash. |
| *Johnston v. Camino Natural Res., LLC* | 19-cv-02742-CMA-SKC | D. Colo. |
| *Jordan v. WP Co. LLC, d/b/a The Washington Post* | 20-cv-05218 | N.D. Cal. |
| *Kennedy v. McCarthy* | 16-cv-2010-CSH | D. Conn. |
| *Kent v. R.L. Vallee, Inc.* | 617-6-15 | D. Vt. |
| *Kernen v. Casillas Operating LLC* | 18-cv-00107-JD | W.D. Okla. |
| *Khona v. Subaru of Am., Inc.* | 19-cv-09323-RMB-AMD | D.N.J. |
| *King v. Bumble Trading Inc.* | 18-cv-06868-NC | N.D. Cal. |
| *Kissel v. Code 42 Software Inc.* | 15-1936 (JLS) (KES) | C.D. Cal. |
| *Kokoszki v. Playboy Enter., Inc.* | 19-cv-10302 | E.D. Mich. |
| *Komesar v. City of Pasadena* | BC 677632 | Cal. Super. Ct. |
| *Kommer v. Ford Motor Co.* | 17-cv-00296-LEK-DJS | N.D.N.Y. |
| *Konecky v Allstate* | CV-17-10-M-DWM | D. Mont. |
| *Krueger v. Ameriprise Fin., Inc.* | 11-cv-02781 (SRN/JSM) | D. Minn. |
| *Lambert v. Navy Fed. Credit Union* | 19-cv-00103-LO-MSN | E.D. Va. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Larson v. Allina Health Sys.* | 17-cv-03835 | D. Minn. |
| *Lee v. Hertz Corp., Dollar Thrifty Auto. Grp. Inc.* | CGC-15-547520 | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Levy v. Dolgencorp, LLC* | 20-cv-01037-TJC-MCR | M.D. Fla. |
| *Linderman v. City of Los Angeles* | BC650785 | Cal. Super. Ct. |
| *Linkwell Corp. Sec. Litig.* | 16-cv-62506 | S.D. Fla. |
| *Linneman v. Vita-Mix Corp.* | 15-cv-748 | S.D. Ohio |
| *Lion Biotechnologies Sec. Litig.* | 17-cv-02086-SI | N.D. Cal. |
| *Liotta v. Wolford Boutiques, LLC* | 16-cv-4634 | N.D. Ga. |
| *Lippert v. Baldwin* | 10-cv-4603 | N.D. Ill. |
| *Lloyd v. CVB Fin. Corp.* | 10-cv-6256 (CAS) | C.D. Cal. |
| *Loblaw Card Program* | Remediation Program | |
| *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.* | 16-cv-112 | D. Del. |
| *Mabrey v. Autovest* | CGC-18-566617 | Cal. Super. Ct. |
| *Machado v. Endurance Int'l Grp. Holdings Inc.* | 15-cv-11775-GAO | D. Mass. |
| *Macias v. Los Angeles County Dept. of Water and Power* | BC594049 | Cal. Super. Ct. |
| *Malin v. Ambry Gentics Corp.* | 30-2018-00994841-CU-SL-CXC | Cal. Super. Ct. |
| *Malone v. Western Digital Corp.* | 20-cv-03584-NC | N.D. Cal. |
| *Marical  v. Boeing Employees' Credit Union* | 19-2-20417-6 | Wash. Super. Ct. |
| *Martinelli v. Johnson & Johnson* | 15-cv-01733-MCE-DB | E.D. Cal. |
| *McClellan v. Chase Home Fin.* | 12-cv-01331-JGB-JEM | C.D. Cal. |
| *McClintock v. Continuum Producer Servs., LLC* | 17-cv-00259-JAG | E.D. Okla. |
| *McClintock v Enter.* | 16-cv-00136-KEW | E.D. Okla. |
| *McGann v. Schnuck Markets Inc.* | 1322-CC00800 | Mo. Cir. Ct. |
| *McGraw v. Geico Gen. Ins. Co.* | 15-2-07829-7 | Wash. Super. Ct. |
| *McKibben v. McMahon* | 14-2171 (JGB) (SP) | C.D. Cal. |
| *McKnight Realty Co. v. Bravo Arkoma, LLC* | 17-CIV-308 (KEW) | E.D. Okla. |
| *McNeill v. Citation Oil & Gas Corp.* | 17-CIV-121 (KEW) | E.D. Okla. |
| *McWilliams v. City of Long Beach* | BC361469 | Cal. Super. Ct. |
| *Messner v. Cambridge Real Estate Servs., Inc.* | 19CV28815 | Or. Cir. Ct. |
| *Mild v. PPG Indus., Inc.* | 18-cv-04231 | C.D. Cal. |
| *Miller Revocable Trust v DCP Operating Co., LP* | 18-cv-00199-JH | E.D. Okla. |
| *Miller v. Carrington Mortg. Serv., LLC* | 19-cv-00016-JDL | D. Me. |
| *Miller v. Guenther Mgmt. LLC* | 20-2-02604-32 | Wash. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Miller v. Mut. of Enumclaw Ins. Co.* | 19-2-12357-1 | Wash. Super. Ct. |
| *Milstead v. Robert Fiance Beauty Sch., Inc.* | CAM-L-328-16 | N.J. Super. Ct. |
| *Moeller v. Advance Magazine Publishers, Inc.* | 15-cv-05671 (NRB) | S.D.N.Y. |
| *Mojica v. Securus Techs., Inc.* | 14-cv-5258 | W.D. Ark. |
| *Molnar v. 1-800-Flowers Retail, Inc.* | BC 382828 | Cal. Super. Ct. |
| *Monteleone v. Nutro Co.* | 14-cv-00801-ES-JAD | D.N.J. |
| *Moodie v. Maxim HealthCare Servs.* | 14-cv-03471-FMO-AS | C.D. Cal. |
| *Muir v. Early Warning Servs., LLC* | 16-cv-00521 | D.N.J. |
| *Murphy v. Precision Castparts Corp.* | 16-cv-00521-sb | D. Or. |
| *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd.* | 12-3824 | E.D. Pa. |
| *Nasseri v. Cytosport, Inc.* | BC439181 | Cal. Super. Ct. |
| *Nesbitt v. Postmates, Inc.* | CGC-15-547146 | Cal. Super. Ct. |
| *New Orleans Tax Assessor Project* | Tax Assessment Program | |
| *New York v. Steven Croman* | 450545/2016 | N.Y. Super. Ct. |
| *NMPA Late Fee Program Grps. I-IVA* | Remediation Program | CRB |
| *Noble v. Northland* | UWY-CV-16-6033559-S | Conn. Super. Ct. |
| *Novoa v. The GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nozzi v. Housing Auth. of the City of Los Angeles* | CV 07-0380 PA (FFMx) | C.D. Cal. |
| *Nwabueza v. AT&T* | C 09-01529 SI | N.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |
| *O'Donnell v. Fin. Am. Life Ins. Co.* | 14-cv-01071 | S.D. Ohio |
| *Ollila v. Babcock & Wilcox Enter., Inc.* | 17-cv-00109 | W.D.N.C. |
| *Ostendorf v. Grange Indem. Ins. Co.* | 19-cv-01147-ALM-KAJ | S.D. Ohio |
| *Paetzold v. Metro. Dist. Comm'n* | X07-HHD-CV-18-6090558-S | Conn. Super. Ct. |
| *Paggos v. Resonant, Inc.* | 15-cv-01970-SJO | C.D. Cal. |
| *Palazzolo v. Fiat Chrysler Auto. NV* | 16-cv-12803 | E.D. Mich. |
| *Palmer v City of Anaheim* | 30-2017-00938646 | Cal. Super. Ct. |
| *Parker v. Time Warner Entm't Co.* | 239 F.R.D. 318 | E.D.N.Y. |
| *Parker v. Universal Pictures* | 16-cv-1193-CEM-DCI | M.D. Fla. |
| *Parmelee v. Santander Consumer USA Holdings Inc.* | 16-cv-783-K | N.D. Tex. |
| *Patrick v. Volkswagen Grp. of Am., Inc.* | 19-cv-01908-MCS-ADS | C.D. Cal. |
| *Pauper Petroleum, LLC v. Kaiser-Francis Oil Co.* | 19-cv-00514-JFH-JFJ | N.D. Okla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Pearlstein v. BlackBerry Ltd. | 13-cv-7060 | S.D.N.Y. |
| Pemberton v. Nationstar Mortg. LLC | 14-cv-1024-BAS (MSB) | S.D. Cal. |
| Pena v. Wells Fargo Bank | 19-cv-04065-MMC-TSH | N.D. Cal. |
| Perez v. DIRECTV | 16-cv-01440-JLS-DFM | C.D. Cal. |
| Perez v. Wells Fargo Co. | 17-cv-00454-MMC | N.D. Cal. |
| Perrigo Sec. Litig. | 16-CV-2805-MCA-LDW | D.N.J. |
| Peterson v. Apria Healthcare Grp., Inc. | 19-cv-00856 | M.D. Fla. |
| Petersen v. Costco Wholesale Co. | 13-cv-01292-DOC-JCG | C.D. Cal. |
| Phillips v. Hobby Lobby Stores, Inc. | 18-cv-01645-JHE; 16-cv-837-JHE | N.D. Ala. |
| Pierce v Anthem Ins. Cos. | 15-cv-00562-TWP-TAB | S. D. Ind. |
| Pine Manor Investors v. FPI Mgmt., Inc. | 34-2018-00237315 | Cal. Super. Ct. |
| Pinon v. Mercedes-Benz USA, LLC and Daimler AG | 18-cv-3984 | N.D. Ga. |
| Plymouth Cnty. Ret. Sys. v. GTT Commc'n, Inc. | 19-cv-00982-CMH-MSN | E.D. Va. |
| Podawiltz v. Swisher Int'l, Inc. | 16CV27621 | Or. Cir. Ct. |
| Prause v. TechnipFMC PLC | 7-cv-2368 | S.D. Tex. |
| Press v. J. Crew Grp., Inc. | 56-2018-512503 (CU) (BT) (VTA) | Cal. Super. Ct. |
| Purcell v. United Propane Gas, Inc. | 14-CI-729 | Ky. 2nd Cir. |
| Quezada v. ArbiterSports, LLC | 20-cv-05193-TJS | E.D. Pa. |
| Raider v. Archon Corp. | A-15-712113-B | D. Nev. |
| Ramos v. Hopele of Fort Lauderdale, LLC | 17-cv-62100 | S.D. Fla. |
| Rayburn v. Santander Consumer USA, Inc. | 18-cv-1534 | S.D. Ohio |
| RCC, P.S. v. Unigard Ins. Co. | 19-2-17085-9 | Wash. Super. Ct. |
| Reirdon v. Cimarex Energy Co. | 16-CIV-113 (KEW) | E.D. Okla. |
| Reirdon v. XTO Energy Inc. | 16-cv-00087-KEW | E.D. Okla. |
| Rhea v. Apache Corp. | 14-cv-00433-JH | E.D. Okla. |
| Rice v. Insync | 30-2014-00701147-CU-NP-CJC | Cal. Super. Ct. |
| Rice-Redding v. Nationwide Mut. Ins. Co. | 18-cv-01203 | N.D. Ga. |
| Rich v. EOS Fitness Brands, LLC | RIC1508918 | Cal. Super. Ct. |
| Rick Nelson Co. v. Sony Music Ent. | 18-cv-08791 | S.D.N.Y. |
| Rocchio v. Rutgers, The State Univ. of New Jersey | MID-L-003039-20 | N.J. Super. Ct. |
| Rollo v. Universal Prop. & Cas. Ins. | 2018-027720-CA-01 | Fla. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Rosado v. Barry Univ., Inc.* | 20-cv-21813 | S.D. Fla. |
| *Rose v Array Biopharma Inc.* | 17cv2789 | D. Colo. |
| *Roth v. GEICO Gen. Ins. Co. and Joffe v. GEICO Indem. Co.* | 16-cv-62942 | S.D. Fla. |
| *Routh v. SEIU Healthcare 775NW* | 14-cv-00200 | W.D. Wash. |
| *Ruppel v. Consumers Union of United States, Inc.* | 16-cv-2444 (KMK) | S.D.N.Y. |
| *Russett v. Nw. Mut. Life Ins. Co.,* | 19-cv-07414-KMK | S.D.N.Y. |
| *Saccoccio v. JP Morgan Chase* | 13-cv-21107 | S.D. Fla. |
| *Salgado v. UPMC Jameson* | 30008-18 | C.P. Pa. |
| *San Antonio Fire & Police Pension Fund v. Dole Food Co.* | 15-cv-1140 (LPS) | E.D. Del. |
| *Sanchez v. Centene Corp.* | 17-cv-00806-AGF | E.D. Mo. |
| *Sanders v. Glob. Research Acquisition, LLC* | 18-cv-00555 | M.D. Fla. |
| *Sandoval v. Merlex Stucco Inc.* | BC619322 | Cal. Super. Ct. |
| *Santa Barbara Channelkeeper v. State Water Res. Control Bd.* | 37-2020-00005776 | Cal. Super. Ct. |
| *Schlesinger v. Ticketmaster* | BC304565 | Cal. Super. Ct. |
| *Schulte v. Liberty Ins. Corp.* | 19-cv-00026 | S.D. Ohio |
| *Schwartz v. Intimacy in New York, LLC* | 13-cv-5735 (PGG) | S.D.N.Y. |
| *Schwartz v. Opus Bank* | 16-cv-7991 (AB) (JPR) | C.D. Cal. |
| *SEB Inv. Mgmt. AB v. Endo Int'l PLC* | 17-cv-3711-TJS | E.D. Pa. |
| *SEC v. Brian Lines, Fair Fund* | 07-cv-11387 (DLC) | S.D.N.Y |
| *SEC v. Henry Ford and Fallcatcher, Inc.* | 19-cv-02214-PD | E.D. Pa. |
| *Seegert v. P.F. Chang's China Bistro* | 37-2017-00016131-CU-MC-CTL | Cal. Super. Ct. |
| *Shah v Zimmer Biomet Holdings, Inc.* | 16-cv-00815-PPS-MGG | N.D. Ind. |
| *Sidibe v. Sutter Health* | 12-cv-4854-LB | N.D. Cal. |
| *Smith v. Pulte Home Corp.* | 30-2015-00808112-CU-CD-CXC | Cal. Super. Ct. |
| *Snap Derivative Settlement* | 18STCV09365; BC720152; 19STCV08413 | Cal. Super. Ct. |
| *Soderstrom v. MSP Crossroads Apartments LLC* | 16-cv-233 (ADM) (KMM) | D. Minn. |
| *Solberg v. Victim Serv., Inc.* | 14-cv-05266-VC | N.D. Cal. |
| *Sonner v. Schwabe N. Am., Inc.* | 15-cv-01358 VAP (SPx) | C.D. Cal. |
| *Speed v. JMA Energy Co., LLC* | CJ-2016-59 | Okla. Dist. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Staats v. City of Palo Alto* | 2015-1-CV-284956 | Cal. Super. Ct. |
| *Stanley v. Capri Training Ctr.* | ESX-L-1182-16 | N.J. Super. Ct. |
| *Steele v. PayPal, Inc.* | 05-CV-01720 (ILG) (VVP) | E.D.N.Y. |
| *Stein v. Eagle Bancorp, Inc.* | 19-cv-06873-LGS | S.D.N.Y. |
| *Steinberg v. Opko Health, Inc.* | 18-cv-23786-JEM | S.D. Fla. |
| *Stewart v. Early Warning Serv., LLC* | 18-cv-3277 | D.N.J. |
| *Stier v. PEMCO Mut. Ins. Co.* | 18-2-08153-5 | Wash. Super. Ct. |
| *Stillman v. Clermont York Assocs. LLC* | 603557/09E | N.Y. Super. Ct. |
| *Strickland v. Carrington Mortg. Servs., LLC* | 16-cv-25237 | S.D. Fla. |
| *Strougo v. Lannett Co.* | 18-cv-3635 | E.D. Pa. |
| *Stuart v. State Farm Fire & Cas. Co.* | 14-cv-04001 | W.D. Ark. |
| *Sudunagunta v. NantKwest, Inc.* | 16-cv-01947-MWF-JEM | C.D. Cal. |
| *Sullivan v Wenner Media LLC* | 16–cv–00960–JTN–ESC | W.D. Mich. |
| *Swafford v. Ovintiv Exploration Inc.* | 21-cv-00210-SPS | E.D. Okla. |
| *Swetz v. GSK Consumer Health, Inc.* | 20-cv-04731 | S.D.N.Y. |
| *Swinton v. SquareTrade, Inc.* | 18-CV-00144-SMR-SBJ | S.D. Iowa |
| *Terrell v. Costco Wholesale Corp.* | 16-2-19140-1-SEA | Wash. Super. Ct. |
| *Tile Shop Stockholders Litig.* | 2019-0892-SG | Del. Ch. |
| *Timberlake v. Fusione, Inc.* | BC 616783 | Cal. Super. Ct. |
| *Tkachyk v. Traveler's Ins.* | 16-28-m (DLC) | D. Mont. |
| *T-Mobile Remediation Program* | Remediation Program | |
| *Townes, IV v. Trans Union, LLC* | 04-1488-JJF | D. Del. |
| *Townsend v. G2 Secure Staff* | 18STCV04429 | Cal. Super. Ct. |
| *Trepte v. Bionaire, Inc.* | BC540110 | Cal. Super. Ct. |
| *Tyus v. Gen. Info. Sols. LLC* | 2017CP3201389 | S.C. C.P. |
| *Udeen v. Subaru of Am., Inc.* | 10-md-196 (JZ) | D.N.J. |
| *United States v. City of Austin* | 14-cv-00533-LY | W.D. Tex. |
| *United States v. City of Chicago* | 16-c-1969 | N.D. Ill. |
| *United States v. Greyhound Lines, Inc.* | 16-67-RGA | D. Del. |
| *USC Student Health Ctr. Settlement* | 18-cv-04258-SVW | C.D. Cal. |
| *Van Jacobs v. New World Van Lines, Inc.* | 2019CH02619 | Ill. Cir. Ct. |
| *Vasquez v. Libre by Nexus, Inc.* | 17-cv-00755-CW | N.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Vassalle v. Midland Funding LLC | 11-cv-00096 | N.D. Ohio |
| Viesse v. Saar's Inc. | 17-2-7783-6 (SEA) | Wash. Super. Ct. |
| Wahl v. Yahoo! Inc. | 17-cv-2745 (BLF) | N.D. Cal. |
| Watson v. Checkr, Inc. | 19-CV-03396-EMC | N.D. Cal. |
| Weimar v. Geico Advantage Ins. Co. | 19-cv-2698-JTF-tmp | W.D. Tenn. |
| WellCare Sec. Litig. | 07-cv-01940-VMC-EAJ | M.D. Fla. |
| White Family Minerals, LLC v. EOG Res., Inc. | 19-cv-409-KEW | E.D. Okla. |
| Williams v. Children's Mercy Hosp. | 1816-CV 17350 | Mo. Cir. Ct. |
| Williams v. Weyerhaeuser Co. | 995787 | Cal. Super. Ct. |
| Wills v. Starbucks Corp. | 17-cv-03654 | N.D. Ga. |
| Wilner v. Leopold & Assoc, | 15-cv-09374-PED | S.D.N.Y. |
| Wilson v. LSB Indus., Inc | 15-cv-07614-RA-GWG | S.D.N.Y. |
| Wornicki v. Brokerpriceopinion.com, Inc. | 13-cv-03258 (PAB) (KMT) | D. Colo. |
| Wright v. Lyft, Inc. | 14-cv-00421-BJR | W.D. Wash. |
| Wright v. Southern New Hampshire Univ. | 20-cv-00609 | D.N.H. |
| Yamagata v. Reckitt Benckiser, LLC | 17-cv-03529-CV | N.D. Cal. |
| Yates v. Checkers | 17-cv-09219 | N.D. Ill. |
| Yeske v. Macoupin Energy | 2017-L-24 | Ill. Cir. Ct. |

- EXHIBIT 2 -

**A COURT AUTHORIZED
THIS LEGAL NOTICE**

**If you own or owned a UL or VUL life insurance policy issued or insured by ReliaStar Life Insurance Company or its predecessors, your rights may be affected by a class action lawsuit**

The Court has allowed a lawsuit known as *Advance Trust & Life Escrow Services, LTA v. ReliaStar Life Insurance Company*, Case No. 18-2863 (DWF/BRT) (D. Minn.), to be a class action on behalf of a two Classes, or groups of people, that may include you.

**xxxx COI Notice Administrator**
c/o JND Legal Administration
P.O. Box xxxxx
Seattle, WA 98111

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit#__

||||||||||||||||||||||
Postal Service: Please do not mark barcode

Unique ID: «CF_PRINTED_ID»

«Full_Name»
«CF_CARE_OF_NAME»
«CF_ADDRESS_1»
«CF_ADDRESS_2»
«CF_CITY», «CF_STATE» «CF_ZIP»
«CF_COUNTRY»

This lawsuit alleges that Defendant Life Insurance Company ("Defendant") breached contracts with certain universal life ("UL") and variable life ("VUL") policy owners by imposing unlawful cost of insurance ("COI") chargers and waiver rider ("Rider") charges. Defendant denies the lawsuit claims. The Court has not decided who is right or wrong.

**WHO IS A CLASS MEMBER?** The Court certified two Classes. The <u>COI Class</u> consists of all current and former owners of UL or VUL policies issued or insured by Defendant, or its predecessors, on policy forms 82-358, 82-500, 82-501, 82-502, 82-503, 82-508, 82-509, 83-187, 83-300, 83-301, 83-302, 83-303, 83-304, 83-305, 83-306, 83-307, 83-308, 83-309, 10820, 10820PA, 10830, 10830 PA, 10840, 10890, 10910, 10980, 10980MN, 11021F, 11021FMN, 11060, 11060MN, 11060-U, 11060-P, 11065, 11260, 11260MN, 11265, 73853-0, and 614680 during the Class Period. The <u>Rider Class</u> consists of all current and former owners of UL or VUL policies issued or insured by Defendant, or its predecessors, on policy forms 10830 and 10910 during the Class Period. The Class Period is defined in the FAQ section at www.xxxxlitigation.com. Excluded from the Classes are current or former owners of the class policies issued in Alaska, Arkansas, New Mexico, New York, Virginia, Washington, and Wyoming; and Defendant, its officers and directors, members of their immediate families, and their heirs, successors, or assigns. Also excluded from the COI Class are current or former owners of the policies listed in Exhibit A of the Long Form Notice available at www.xxxxlitigation.com. Records indicate you may be a Class Member.

**YOUR RIGHTS AND OPTIONS**

**Do nothing. Stay in this lawsuit and await the outcome.** Any judgment in this case – whether favorable to Plaintiffs or Defendant – will bind all Class Members who do not timely elect to be excluded from the Classes. There is no money available now, and no guarantee there ever will be. The Court has appointed Susman Godfrey L.L.P. as Class Counsel. If you stay in the Classes, you do not need to hire your own lawyer because Class Counsel is working on behalf of the Classes. However, you may hire your own lawyer at your own expense and cost.

**Exclude yourself. Get no benefits from lawsuit. Keep certain rights.** If you ask to be excluded from this lawsuit and money is later awarded, you will not be allowed to request a payment. But, you preserve any rights to sue Defendant at your own expense and with your own attorney about the same legal claims in this lawsuit. To exclude yourself, send a letter requesting exclusion from this lawsuit with your name, address, telephone number, email address, signature, and the insurance policy number(s) you wish to exclude to: XXXX COI Notice Administrator, c/o JND Legal Administration, P.O. Box xxxxx, Seattle, WA 98111. You must mail your exclusion request, **postmarked no later than Month x, 2022**.

**QUESTIONS? Visit www.xxxxxxxlitigation.com or call 1-xxx-xxx-xxx. Please do not contact the Court.**

- EXHIBIT 3 -

# If you own or owned a UL or VUL life insurance policy issued or insured by ReliaStar Life Insurance Company or its predecessors, your rights may be affected by a class action lawsuit

*A court authorized this notice. This is not a solicitation from a lawyer.*

• Advance Trust & Life Escrow Services, LTA, as securities intermediary for Life Partners Position Holder Trust, and Alice Curtis ("Plaintiffs"), have filed a class action against ReliaStar Life Insurance Company ("Defendant") for allegedly imposing unlawful cost of insurance ("COI") charges and waiver rider ("Rider") charges on certain universal life and variable universal life policy owners. The allegations against Defendant are described in Plaintiffs' First Amended Complaint filed with the Court on February 24, 2020.

• The Court has allowed the lawsuit to proceed as a class action against Defendant on behalf of two Classes. The first is a Class consisting of all current or former owners of universal life policies issued on the following Policy Forms issued or insured by Defendant, or its predecessors, during the Class Period: 82-358, 82-500, 82-501, 82-502, 82-503, 82-508, 82-509, 83-187, 83-300, 83-301, 83-302, 83-303, 83-304, 83-305, 83-306, 83-307, 83-308, 83-309, 10820, 10820PA, 10830, 10830 PA, 10840, 10890, 10910, 10980, 10980MN, 11021F, 11021FMN, 11060, 11060MN, 11060-U, 11060-P, 11065, 11260, 11260MN, 11265, 73853-0, and 614680. The second is a Class of all current or former owners of universal life policies issued on the following Policy Forms issued or insured by Defendant, or its predecessors, during the Class Period who were assessed Rider charges during the Class Period: 10830 and 10910. The Class Period is defined in Section 6 of this Notice. The Court has also denied ReliaStar's motion for summary judgment, and the Court, following a stipulation of the parties, has precluded ReliaStar from filing another summary judgment motion. This Notice is to inform you of the certification of the Classes, the nature of your claims, and your right to exclude yourself from the Classes.

• The Court has not decided whether any laws were broken. There is no money available now and no guarantee there ever will be. However, if you are a member of the Classes as described in this Notice, your rights are affected, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit and await the outcome.**<br><br>By doing nothing, the certification ruling means that any judgment in this case – whether favorable to Plaintiffs or Defendant – will bind all Class Members who do not timely elect to be excluded from the Classes in the manner described below. |
| **ASK TO BE EXCLUDED** | **Get no benefits from lawsuit. Keep certain rights.**<br><br>If you ask to be excluded from this lawsuit and money is later awarded, you will not be allowed to request a payment. But, you preserve any rights to sue Defendant at your own expense and with your own attorney about the same legal claims asserted in this lawsuit. |

6498358v1/015301

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**............................................................................PAGE 3
1.   Why was this Notice issued?
2.   What is this lawsuit about?
3.   Which life insurance policies are affected by the lawsuit?
4.   What is a class action and who is involved?
5.   Why is this lawsuit a class action?

**WHO IS IN THE CLASS** ........................................................................PAGE 4
6.   Am I part of this class action?
7.   Are there exceptions to being included?
8.   What happens if I do nothing at all?
9.   I am still not sure if I am included.
10.  What happens if I ask to be excluded?
11.  How do I ask to be excluded?

**THE LAWYERS REPRESENTING YOU** .....................................................PAGE 6
12.  Do I have a lawyer in this case?
13.  How will the lawyers be paid?
14.  Should I get my own lawyer?

**GETTING MORE INFORMATION** .............................................................PAGE 7
15.  Are more details available?

## BASIC INFORMATION

| 1.  Why was this Notice issued? |
| --- |

This Notice explains that a Court "certified" two Classes. The first is a "COI Class" consisting of all current and former owners of universal life policies issued on the following Policy Forms issued or insured by Defendant, or its predecessors, during the Class Period: 82-358, 82-500, 82-501, 82-502, 82-503, 82-508, 82-509, 83-187, 83-300, 83-301, 83-302, 83-303, 83-304, 83-305, 83-306, 83-307, 83-308, 83-309, 10820, 10820PA, 10830, 10830 PA, 10840, 10890, 10910, 10980, 10980MN, 11021F, 11021FMN, 11060, 11060MN, 11060-U, 11060-P, 11065, 11260, 11260MN, 11265, 73853-0, and 614680 (the "COI Class Policies"). The second is a "Rider Class" consisting of all current or former owners of universal life policies issued on the following Policy Forms issued or insured by Defendant, or its predecessors, who were assessed Rider charges during the Class Period: 10830 and 10910 (the "Rider Class Policies"). The Class Period is defined in Section 6 of this Notice. If this describes you, you may choose to stay in the lawsuit, or exclude yourself from it, prior to [EXCLUSION DEADLINE].

Judge Donovan W. Frank of the United States District Court for the District of Minnesota is overseeing this lawsuit, known as *Advance Trust & Life Escrow Services, LTA et al. v. ReliaStar Life Insurance Company*, Case No. 0:18-cv-2863-DWF-BRT (D. Minn.), and has determined that the breach of contract claims against Defendant can proceed as a class action. The Court has also denied Defendant's motion for summary judgment against Plaintiffs.

| 2.  What is this lawsuit about? |
| --- |

The class action lawsuit alleges that Defendant breached its contracts with certain policy owners. Plaintiffs allege that Defendant breached the COI Class Policies because Defendant imposed COI charges that were not based on Defendant's expectations as to future mortality experience, and that Plaintiffs and members of the COI Class have been damaged as a result. Plaintiffs further allege that Defendant breached the Rider Class Policies by deducting Rider charges using rates that exceed the Rider rates expressly set forth in the Rider Class Policies. Defendant denies Plaintiffs' claims and asserts multiple defenses.

On March 29, 2022, the United States District Court for the District of Minnesota granted Plaintiffs' motion for class certification against Defendant. In that same March 29, 2022 Order, the Court denied ReliaStar's motion for summary judgment. The Court's order certifying the Classes and denying ReliaStar's motion for summary judgment does not predict nor guarantee that Class Members will receive any money or benefits; that will be decided later.

| 3.  Which life insurance policies are affected by the lawsuit? |
| --- |

The Court certified two classes. The first is the COI Class, which consists of "[a]ll current and former owners of UL (including variable UL) policies insured by ReliaStar written on" the following policy forms "who were assessed COI charges during the Class Period": 82-358, 82-500, 82-501, 82-502, 82-503, 82-508, 82-509, 83-187, 83-300, 83-301, 83-302, 83-303, 83-304, 83-305, 83-306, 83-307, 83-308, 83-309, 10820, 10820PA, 10830, 10830 PA, 10840, 10890, 10910, 10980, 10980MN, 11021F, 11021FMN, 11060, 11060MN, 11060-U, 11060-P, 11065, 11260, 11260MN, 11265, 73853-0, and 614680. The second is the Rider Class, which consists of "[a]ll current and former owners of universal life policies insured by ReliaStar written on policy forms 10830 and 10910 . . . who were assessed Waiver Rider charges during the Class Period." The Class Period is defined in Section 6 of this Notice.

## 4. What is a class action and who is involved?

In a class action, one or more person or entities, called a "Class Representative" or "Class Representatives," sue on behalf of all individuals who have a similar claim. Here, Plaintiff Advance Trust & Life Escrow Services, LTA, as securities intermediary for Life Partners Position Holder Trust, and Alice Curtis, have been appointed by the Court to represent other eligible owners of the COI Class Policies. Plaintiff Advance Trust & Life Escrow Services, LTA, as securities intermediary for Life Partners Position Holder Trust, has also been appointed by the Court to represent other eligible owners of the Rider Class Policies. Together, all of these eligible owners are called the "Class" or "Class Members." The persons who sued are called the "Plaintiffs;" a party being sued, such as ReliaStar Life Insurance Company, is called a "Defendant."

Any judgment in this case will resolve the issues for all Class Members, except for those who exclude themselves from the Classes. Class Members might receive money and/or other benefits if they stay in the Classes and if one or both of the Classes prevails on the merits; and Class Members might receive nothing if they stay in the Classes and Defendant prevails on the merits.

## 5. Why is this lawsuit a class action?

The Court decided that the breach of contract claims against Defendant in this lawsuit can proceed as a class action because, at this point of the lawsuit, they meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, which governs class actions in federal court. The Court found that:

- There are numerous Class Members whose interests will be affected by this lawsuit;
- There are legal questions and facts that are common to each of them;
- The Class Representatives' claims are typical of the claims of the rest of the Classes;
- The Class Representatives and the lawyers representing the Classes will fairly and adequately represent the interests of the Classes;
- A class action would be a fair, efficient and superior way to resolve this lawsuit; and
- The common legal questions and facts predominate over questions that affect only individual Class Members.

For more information, visit the Important Documents page at [WEBSITE].

# WHO IS IN THE CLASS

## 6. Am I part of this class action?

The COI Class consists of all current and former owners of universal life policies issued on the following Policy Forms issued or insured by ReliaStar Life Insurance Company, or its predecessors, who were assessed COI charges during the Class Period: 82-358, 82-500, 82-501, 82-502, 82-503, 82-508, 82-509, 83-187, 83-300, 83-301, 83-302, 83-303, 83-304, 83-305, 83-306, 83-307, 83-308, 83-309, 10820, 10820PA, 10830, 10830 PA, 10840, 10890, 10910, 10980, 10980MN, 11021F, 11021FMN, 11060, 11060MN, 11060-U, 11060-P, 11065, 11260, 11260MN, 11265, 73853-0, and 614680.

The Rider Class consists of all current and former owners of universal life policies issued on the following Policy Forms issued or insured by ReliaStar Life Insurance Company, or its predecessors, during the Class Period who were assessed Rider charges during the Class Period: 10830 and 10910.

The "Class Period" starts on the following dates through the date of final judgment in this action:

| Start Date of Class Period | Policy Issue State |
|---|---|
| October 5, 2003 | Kentucky |
| October 5, 2008 | Illinois, Indiana, Iowa, Louisiana, Rhode Island, West Virginia |
| October 5, 2010 | Montana, Ohio |
| October 5, 2012 | Alabama, Arizona, Connecticut, Georgia, Hawaii, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nevada, New Jersey, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, Wisconsin |
| October 5, 2013 | Florida, Idaho, Kansas, Missouri, Nebraska, Oklahoma |
| October 5, 2014 | California, Pennsylvania, Texas |

## 7.  Are there exceptions to being included?

Yes. Excluded from the Classes are current or former owners of the COI Class Policies or Rider Class Policies issued in Alaska, Arkansas, New Mexico, New York, Virginia, Washington, and Wyoming; and Defendant ReliaStar Life Insurance Company, its officers and directors, members of their immediate families, and their heirs, successors, or assigns. Also excluded from the COI Class are current or former owners of the policies listed in Exhibit A.

## 8.  What happens if I do nothing at all?

By doing nothing, you will remain in the Class(es). If you remain in the Class(es) and Plaintiffs obtain money or other value from this lawsuit—either as a result of any ruling, trial, or Court-approved settlement—you may receive a payment, if you are entitled to one. Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments made in this class action and you will not be able to maintain a separate lawsuit against Defendant for the same legal claims that are the subject of this lawsuit.

## 9.  I am still not sure if I am included.

If you're still not sure whether you are included in the Classes, please visit [WEBSITE], call the Notice Administrator toll-free [PHONE NUMBER], or write to: [MAILING ADDRESS].

## 10.  What happens if I ask to be excluded?

If you exclude yourself (or "opt-out") from either Class, you will not receive any distribution that may result from a judgment or settlement favorable to Plaintiffs. If you exclude yourself, you will also not be legally bound by the Court's orders and judgments in this class action. You may sue or continue to sue Defendant for the same legal claims that are the subject of this lawsuit. If you choose to pursue your own lawsuit against Defendant, you may hire a lawyer at your own expense to prove your alleged claims.

6498358v1/015301

## 11. How do I ask to be excluded?

To exclude yourself, you must send a letter to the Notice Administrator requesting exclusion from the *Advance Trust & Life Escrow Services, LTA et al. v. ReliaStar Life Insurance Company*, Case No. 0:18-cv-2863-DWF-BRT (D. Minn.) class action, with your name, address, telephone number, email address, and signature. You must also identify your COI Class Policy or Policies and/or Rider Class Policy or Policies to be excluded. Your exclusion request must be postmarked no later than [EXCLUSION DEADLINE]. Send your exclusion request to: [MAILING ADDRESS]. If you own multiple COI Class Policies or Rider Class Policies that are included in the Classes, you may request to exclude some policies from the Classes, while participating in the Classes with respect to other policies.

**IF YOU DO NOT EXCLUDE YOURSELF BY [EXCLUSION DEADLINE], YOU WILL REMAIN PART OF THE CLASS(ES) AND BE BOUND BY THE ORDERS OF THE COURT IN THIS LAWSUIT.**

## THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in this case?

Yes. The Court has appointed the following lawyers as "Class Counsel."

Steven G. Sklaver
Rohit D. Nath
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
ssklaver@susmangodfrey.com
rnath@susmangodfrey.com
Telephone: 310-789-3100

Seth Ard
Ryan Kirkpatrick
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com
Telephone: 212-336-8330

Ryan Weiss
Krisina Zuñiga
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
rweiss@susmangodfrey.com
kzuniga@susmangodfrey.com
Telephone: 713-651-9366

## 13. How will the lawyers be paid?

Class Counsel will represent your interests in presenting the claims against Defendant. You will not be personally responsible for Plaintiffs' attorneys' fees or costs, except to the extent that the Court may approve or award any such fees and costs to Class Counsel, which could be paid by Defendant directly or out of the recovery in this action, if any.

## 14. Should I get my own lawyer?

If you stay in the Classes, you do not need to hire your own lawyer to pursue the claims against Defendant because Class Counsel is working on behalf of the Classes. However, if you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## GETTING MORE INFORMATION

| 15.  Are more details available? |
|---|

Yes. Key Dates and Important Documents related to the lawsuit can be found at [WEBSITE]. For additional assistance, contact the Notice Administrator by calling, toll-free, [PHONE NUMBER] or write to: [MAILING ADDRESS].

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR RELIASTAR LIFE INSURANCE COMPANY WITH ANY QUESTIONS YOU HAVE CONCERNING THIS MATTER. ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**

6498358v1/015301

# Exhibit A

| | | | | |
|---|---|---|---|---|
| 1785320 | 005009219H | 00W0001060 | CBS0114895 | SC1073227R |
| 1798081 | 005009243H | 00W0001108 | CBS0114896 | SC1073913R |
| 1798861 | 005009279E | 00W0001164 | CBS0116584 | SC1074002H |
| 1804847 | 005009305R | 00W0001194 | CBS0117545 | SC1074784B |
| 1806377 | 005009362D | 00W0001195 | CBS0122127 | SC1075356E |
| 1813308 | 005009374H | 00W0001379 | CBS0127499 | SC1076825H |
| 1813756 | 005009440J | 00W0001380 | CBS0127613 | SC1077009R |
| 1816050 | 005009623E | 00W0001388 | CBS0127662 | SC1078252G |
| 1819096 | 005009715J | 00W0001456 | CBS0127710 | SC1081566G |
| 1819401 | 005009791G | 00W0001485 | CBS0128106 | SC1086528D |
| 1819678 | 005009803J | 00W0001548 | CBS0128129 | SC1088074R |
| 1820540 | 005009828W | 00W0001551 | CBS0129830 | SC1088867R |
| 1824198 | 005009838J | 00W0001570 | CBS0130607 | SC1092812G |
| 1826018 | 005009854J | 00W0001597 | CBS0131241 | SC1093766B |
| 1829179 | 005009865X | 00W0001733 | CBS0131270 | SC1096002M |
| 1829237 | 005010021D | 00W0001767 | CBS0134866 | SC1096087W |
| 1829318 | 005010064D | 00W0001870 | CBS0136345 | SC1098676D |
| 1833769 | 005010196X | 00W0001871 | CBS0136844 | SC1100232E |
| 1845164 | 005010220W | 00W0001974 | CBS0137033 | SC1105556G |
| 1851738 | 005010365R | 00W0002078 | CBS0137515 | SC1107829R |
| 1851987 | 005010370G | 00W0002082 | CBS0138291 | SC1107963M |
| 1853197 | 005010373R | 00W0002087 | CBS0138445 | SC1114110G |
| 1853209 | 005010393B | 00W0002088 | CBS0138526 | SC1114153G |
| 1853841 | 005010394W | 00W0002105 | CBS0138623 | SC1114627B |
| 1854295 | 005010400D | 00W0002259 | CBS0139721 | SC1115975X |
| 1854306 | 005010418G | 00W0002291 | CBS0139772 | SC1118494M |
| 1854716 | 005010456E | 00W0002312 | CBS0139950 | SC1121201E |
| 1855527 | 005010693W | 00W0002401 | CBS0140390 | SC1121556G |
| 1857124 | 005010835E | 00W0002450 | CBS0141919 | SC1122725M |
| 1858281 | 005010849D | 00W0002491 | CBS0143958 | SC1123765R |
| 1858750 | 005010910D | 00W0002615 | CBS0145418 | SC1127939W |
| 1860281 | 005010912R | 00W0002681 | SC0397399B | SC1129613X |
| 1860285 | 005010985M | 00W0002760 | SC0504453R | SC1131537X |
| 1860398 | 005010993M | 00W0002780 | SC0529878D | SC1133240D |
| 1860518 | 005011019K | 00W0002795 | SC0534754M | SC1133962X |
| 1860532 | 005011033X | 00W0002838 | SC0543476G | SC1134549W |
| 1860790 | 005011121X | 00W0002901 | SC0556445G | SC1135234W |
| 1861166 | 005011137J | 00W0002918 | SC0568452M | SC1135237G |
| 1861247 | 005011138G | 00W0002983 | SC0573011K | SC1139445B |
| 1861250 | 005011200D | 00W0003016 | SC0575509X | SC1145496X |
| 1861766 | 005011210R | 00W0003038 | SC0586154K | SC1149669E |
| 1862222 | 005011343H | 00W0003043 | SC0591531G | SC1152871D |
| 1862454 | 005011421R | 00W0003077 | SC0595346M | SC1153269X |
| 1862483 | 005011434W | 00W0003082 | SC0596500G | SC1154132K |
| 1863605 | 005011494M | 00W0003178 | SC0599595R | SC1156093B |
| 1863630 | 005011495J | 00W0003239 | SC0600336M | SC1157339J |
| 1863648 | 005011501R | 00W0003240 | SC0601328E | SC1157592D |
| 1864184 | 005011516J | 00W0003430 | SC0603042W | SC1158915D |
| 1864460 | 005011517G | 00W0003457 | SC0604708M | SC1159532H |
| 1864818 | 005011581W | 00W0003504 | SC0606449G | SC1163695R |
| 1864830 | 005011638M | 00W0003549 | SC0614409R | SC1167824E |

6498358v1/015301

| 1865284 | 005011661W | 00W0003550 | SC0615154K | SC1168116W |
|---------|-----------|-----------|-----------|-----------|
| 1865450 | 005011678E | 00W0003554 | SC0616875D | SC1169260X |
| 1865490 | 005011679B | 00W0003624 | SC0618125D | SC1169367X |
| 1866846 | 005011716B | 00W0003647 | SC0618382B | SC1170291W |
| 1867037 | 005011783B | 00W0003756 | SC0625656M | SC1172654X |
| 1867404 | 005011913D | 00W0003764 | SC0627128D | SC1180038G |
| 1867487 | 005011935B | 00W0003765 | SC0629079X | SC1180106B |
| 1868067 | 005011943B | 00W0003793 | SC0634149M | SC1180702H |
| 1868108 | 005011956D | 00W0003796 | SC0639158E | SC1180976M |
| 1868271 | 005012054K | 00W0003801 | SC0639559D | SC1181124E |
| 1868494 | 005012055H | 00W0003806 | SC0640583G | SC1182202D |
| 1868861 | 005012072E | 00W0003824 | SC0641636H | SC1182216B |
| 1869241 | 005012165G | 00W0003825 | SC0646207X | SC1182614J |
| 1869496 | 005012189W | 00W0003834 | SC0649399E | SC1184085E |
| 1869502 | 005012244J | 00W0003837 | SC0649925D | SC2258815B |
| 1869510 | 005012265K | 00W0003838 | SC0654683W | SC2270165D |
| 1869514 | 005012460B | 00W0003889 | SC0655178J | SC2271674W |
| 1870287 | 005012544G | 00W0003890 | SC0655877K | SC2283217K |
| 1870559 | 005012622M | 00W0003919 | SC0656407K | SC2290102B |
| 1871218 | 005012679K | 00W0003949 | SC0660107K | SC2474438B |
| 1871420 | 005012888X | 00W0004027 | SC0661323M | |
| 1871436 | 005013072R | 00W0004084 | SC0666392B | |
| 1871444 | 005013920H | 00W0004099 | SC0666637D | |
| 1871537 | 005013967M | 00W0004144 | SC0670893B | |
| 1871717 | 005013972E | 00W0004256 | SC0673616J | |
| 1871742 | 005014006D | 00W0004440 | SC0673723X | |
| 1871838 | 005014044B | 00W0004513 | SC0675424B | |
| 1872371 | 005014274J | 00W0004560 | SC0675480K | |
| 1873083 | 005014291G | 00W0004585 | SC0675710X | |
| 1874209 | 005014392H | 00W0004610 | SC0675977B | |
| 1874306 | 005014400G | 00W0004616 | SC0676073W | |
| 1874341 | 005014467W | 00W0004662 | SC0676738G | |
| 1874720 | 005014480H | 00W0004765 | SC0678216D | |
| 1875292 | 005014490B | 00W0004779 | SC0682070G | |
| 1875437 | 005014546B | 00W0004857 | SC0685057H | |
| 1875731 | 005014715W | 00W0004874 | SC0686064D | |
| 1875733 | 005014751D | 00W0004968 | SC0688345K | |
| 1875816 | 005014801E | 00W0004979 | SC0688347E | |
| 1875998 | 005014823D | 00W0005020 | SC0688355E | |
| 1876282 | 005014892R | 00W0005076 | SC0689123M | |
| 1877396 | 005014999R | 00W0005092 | SC0689778K | |
| 1877526 | 005015224W | 00W0005220 | SC0691896E | |
| 1877696 | 005015238R | 00W0005221 | SC0692403J | |
| 1877722 | 005015271K | 00W0005268 | SC0694171K | |
| 1878036 | 005015375D | 00W0005284 | SC0694897M | |
| 1878305 | 005015727M | 00W0005317 | SC0695146G | |
| 1878674 | 005015820E | 00W0005390 | SC0696846R | |
| 1879569 | 005016252M | 00W0005436 | SC0698984B | |
| 1879746 | 005016262G | 00W0005536 | SC0700650B | |
| 1880405 | 005016291H | 00W0005571 | SC0701336H | |
| 1881103 | 005016536J | 00W0005590 | SC0702905W | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 1881310 | 005016680B | 00W0005711 | SC0704640K | |
| 1881339 | 005016717K | 00W0005724 | SC0705923D | |
| 1881765 | 005016947B | 00W0005736 | SC0707180H | |
| 1881812 | 005017020D | 00W0005797 | SC0708368R | |
| 1882092 | 005017022R | 00W0005898 | SC0708794J | |
| 1882174 | 005017145R | 00W0005980 | SC0709850J | |
| 1882241 | 005017232X | 00W0005981 | SC0713471G | |
| 1882246 | 005017375E | 00W0005989 | SC0717724K | |
| 1882634 | 005017444R | 00W0006034 | SC0717954B | |
| 1883414 | 005017474M | 00W0006073 | SC0718761E | |
| 1885697 | 005017539J | 00W0006135 | SC0721966D | |
| 1885873 | 005017557D | 00W0006144 | SC0722054X | |
| 1886015 | 005017583R | 00W0006204 | SC0722541E | |
| 1886361 | 005017678J | 00W0006220 | SC0722900X | |
| 1886540 | 005017683B | 1U01233040 | SC0723574D | |
| 1886542 | 005017748W | 1U01236600 | SC0723736R | |
| 1887525 | 005017752K | 1U01240810 | SC0725185K | |
| 1887701 | 005017913H | 1U01244170 | SC0725509W | |
| 1887823 | 005018178M | 1U01251460 | SC0729548R | |
| 1888797 | 005018179J | 1U01253050 | SC0731184M | |
| 1889010 | 005018192B | 1U01256190 | SC0733147M | |
| 1889026 | 005018230W | 1U01259050 | SC0733251M | |
| 1889081 | 005018243X | 1U01262260 | SC0735741J | |
| 1889242 | 005018244R | 1U01266710 | SC0736848B | |
| 1889420 | 005018345W | 1U01267910 | SC0738644G | |
| 1889528 | 005018453D | 1U01268310 | SC0739399G | |
| 1890811 | 005018469M | 1U01268830 | SC0739937J | |
| 1890916 | 005018494J | 1U01269280 | SC0740557W | |
| 1891376 | 005018519R | 1U01270210 | SC0743177M | |
| 1891468 | 005018595K | 1U01272060 | SC0744050X | |
| 1891828 | 005018796X | 1U01272390 | SC0745306B | |
| 1891833 | 005018909E | 1U01272510 | SC0745490D | |
| 1892474 | 005019080B | 1U01272550 | SC0745492R | |
| 1892550 | 005019233W | 1U01273300 | SC0746856D | |
| 1892811 | 005019532W | 1U01273310 | SC0747902J | |
| 1893561 | 005019535G | 1U01273920 | SC0747904D | |
| 1893883 | 005019564H | 1U01274180 | SC0747983H | |
| 1893943 | 005019700W | 1U01275260 | SC0749172W | |
| 1894317 | 005019816M | 1U01275970 | SC0750208R | |
| 1895464 | 005019833J | 1U01275980 | SC0752762D | |
| 1895714 | 005019842G | 1U01275990 | SC0752858M | |
| 1896051 | 005019854K | 1U01276020 | SC0753002X | |
| 1897616 | 005019921J | 1U01276240 | SC0753722D | |
| 1897934 | 005019922G | 1U01276270 | SC0754185G | |
| 1898764 | 005019945B | 1U01279700 | SC0754838J | |
| 1898805 | 005019960E | 1U01280340 | SC0755748H | |
| 1898810 | 005019967X | 1U01281210 | SC0758743X | |
| 1899090 | 005019977K | 1U01281530 | SC0762041E | |
| 1899353 | 005020003K | 1U01281590 | SC0763576D | |
| 1900503 | 005020052X | 1U01281920 | SC0764207E | |
| 1900586 | 005020132X | 1U01285280 | SC0769066H | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 1901312 | 005020218W | 1U01286020 | SC0771124E | |
| 1902189 | 005020262D | 1U01286090 | SC0773273X | |
| 1902736 | 005020349W | 1U01286540 | SC0773400K | |
| 1903262 | 005020390M | 1U01287530 | SC0773575H | |
| 1903287 | 005020442H | 1U01288780 | SC0774252H | |
| 1903442 | 005020470M | 1U01289710 | SC0774795R | |
| 1903890 | 005020592W | 1U01289810 | SC0777871D | |
| 1903973 | 005020630M | 1U01290050 | SC0778976B | |
| 1904024 | 005020704G | 1U01290060 | SC0779469B | |
| 1904025 | 005020725H | 1U01290370 | SC0780292W | |
| 1905247 | 005020987H | 1U01290440 | SC0783657D | |
| 1906114 | 005021047X | 1U01292310 | SC0783660B | |
| 1906459 | 005021079J | 1U01293760 | SC0784590E | |
| 1907665 | 005021143X | 1U01295500 | SC0786511B | |
| 1907942 | 005021151X | 1U01296400 | SC0787295D | |
| 1908855 | 005021241K | 1U01296680 | SC0787928B | |
| 1909162 | 005021283R | 1U01297190 | SC0787932R | |
| 1910142 | 005021409D | 1U01297200 | SC0789223D | |
| 1911078 | 005021423J | 1U01297660 | SC0790787R | |
| 1911805 | 005021537M | 1U01297790 | SC0790860B | |
| 1911869 | 005021686G | 1U01297810 | SC0795949D | |
| 1912153 | 005021707G | 1U01298550 | SC0796268E | |
| 1913764 | 005021717X | 1U01299970 | SC0799492H | |
| 1914607 | 005021731G | 1U01300020 | SC0801402M | |
| 1915025 | 005021832H | 1U01300070 | SC0802062X | |
| 1915646 | 005021865R | 1U01300430 | SC0802137H | |
| 1917193 | 005021919D | 1U01300540 | SC0802687X | |
| 1918452 | 005021960X | 1U01300880 | SC0804862E | |
| 1919331 | 005022081D | 1U01301020 | SC0805441K | |
| 1920371 | 005022104R | 1U01301530 | SC0806545M | |
| 1920384 | 005022136G | 1U01301540 | SC0807484M | |
| 1920521 | 005022153D | 1U01302110 | SC0808066J | |
| 1921133 | 005022492M | 1U01302510 | SC0809378D | |
| 1921506 | 005022567D | 1U01303150 | SC0813168R | |
| 1921510 | 005022604D | 1U01303170 | SC0815769G | |
| 1921677 | 005022810B | 1U01303510 | SC0816018X | |
| 1922463 | 005022922K | 1U01303580 | SC0817601R | |
| 1922490 | 005023177E | 1U0130377A | SC0817630W | |
| 1923158 | 005023182R | 1U01303850 | SC0818384B | |
| 1923498 | 005023230E | 1U01303870 | SC0819223M | |
| 1923834 | 005023231B | 1U01303880 | SC0820063W | |
| 1924244 | 005023268M | 1U01306340 | SC0820304M | |
| 1924447 | 005023292M | 1U01307430 | SC0822418X | |
| 1925876 | 005023330J | 1U01307500 | SC0822843W | |
| 1926578 | 005023384X | 1U01307630 | SC0825559E | |
| 1926709 | 005023387H | 1U01308650 | SC0826580G | |
| 1926713 | 005023445J | 1U01308660 | SC0829896G | |
| 1928106 | 005023490K | 1U01308830 | SC0830211M | |
| 1932061 | 005023511K | 1U01308880 | SC0830524K | |
| 1935453 | 005023512H | 1U01310830 | SC0831261H | |
| 1942472 | 005023547H | 1U01310900 | SC0831712H | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 1943202 | 005023596R | 1U01311020 | SC0832199D | |
| 1946472 | 005023625R | 1U01311070 | SC0834920K | |
| 1947911 | 005023629B | 1U01312320 | SC0835623R | |
| 1952506 | 005023670W | 1U01312340 | SC0839685H | |
| 1954660 | 005023679E | 1U01312670 | SC0839933H | |
| 1956882 | 005023727M | 1U01312680 | SC0841978R | |
| 1962948 | 005023750W | 1U01312770 | SC0842087M | |
| 1963332 | 005023751M | 1U01312780 | SC0842434D | |
| 1969777 | 005023772R | 1U01312880 | SC0842640B | |
| 1972988 | 005023816J | 1U01313340 | SC0846896W | |
| 1973358 | 005023819X | 1U01314750 | SC0847873M | |
| 1976688 | 005023829K | 1U01315370 | SC0848371E | |
| 1985157 | 005023833G | 1U01315500 | SC0851196G | |
| 1996510 | 005023844R | 1U01316200 | SC0853074E | |
| 2009541 | 005023854H | 1U01316700 | SC0853143R | |
| 2020392 | 005024004K | 1U01317090 | SC0856024M | |
| 2020396 | 005024005H | 1U01317150 | SC0860123X | |
| 2021555 | 005024141X | 1U01318340 | SC0861662K | |
| 2063519 | 005024165J | 1U01318350 | SC0862358K | |
| 2066036 | 005024194K | 1U01318710 | SC0863939G | |
| 2082018 | 005024229J | 1U01318950 | SC0864452B | |
| 2190225 | 005024278W | 1U01319240 | SC0866021G | |
| 7000217 | 005024304H | 1U01319370 | SC0867576J | |
| 7000261 | 005024305E | 1U01319380 | SC0867715H | |
| 7000262 | 005024360X | 1U01319420 | SC0867906D | |
| 7000263 | 005024378D | 1U01319470 | SC0869385W | |
| 7000270 | 005024385G | 1U01319670 | SC0870528E | |
| 7000302 | 005024611H | 1U01320020 | SC0870563M | |
| 7000369 | 005024614W | 1U01320300 | SC0871392R | |
| 7000401 | 005024631M | 1U01320330 | SC0871544R | |
| 7000507 | 005024656B | 1U01320350 | SC0871620J | |
| 7000592 | 005024667J | 1U01320710 | SC0871630D | |
| 7000617 | 005024682M | 1U01321580 | SC0871678E | |
| 7000628 | 005024702W | 1U01322050 | SC0872380B | |
| 7000833 | 005024704J | 1U01322840 | SC0872484K | |
| 7001131 | 005024783R | 1U01323080 | SC0873003D | |
| 7001215 | 005024841W | 1U01323270 | SC0873534E | |
| 7001310 | 005024854X | 1U01323430 | SC0874217D | |
| 7001392 | 005024878J | 1U01323500 | SC0874777G | |
| 7001505 | 005024938E | 1U01323640 | SC0875242J | |
| 7001654 | 005024963B | 1U01323730 | SC0875244D | |
| 7001758 | 005024996H | 1U01323870 | SC0875489G | |
| 7001797 | 005025035W | 1U01324160 | SC0876253J | |
| 7001852 | 005025091H | 1U01325270 | SC0876547X | |
| 7001901 | 005025134G | 1U01325370 | SC0877388G | |
| 7001966 | 005025182W | 1U01326100 | SC0878985B | |
| 7002555 | 005025239M | 1U01326270 | SC0880967D | |
| 7002557 | 005025259X | 1U01327990 | SC0881012X | |
| 7002634 | 005025278H | 1U01328100 | SC0883002H | |
| 7002708 | 005025339X | 1U01328270 | SC0883659X | |
| 7003041 | 005025387J | 1U01328480 | SC0883753G | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 7003071 | 005025388G | 1U0132869A | SC0886190H | |
| 7003802 | 005025416J | 1U01329570 | SC0886870B | |
| 7003890 | 005025470H | 1U01329600 | SC0887300R | |
| 7004002 | 005025471E | 1U01329790 | SC0887302H | |
| 7004065 | 005025512J | 1U01329970 | SC0887892J | |
| 7004196 | 005025631E | 1U01330330 | SC0888146E | |
| 7004438 | 005025680K | 1U01330360 | SC0888168D | |
| 7004852 | 005025717D | 1U01330840 | SC0890192W | |
| 7004861 | 005025736K | 1U01331000 | SC0890720H | |
| 7005090 | 005025821D | 1U01331020 | SC0891045H | |
| 7005095 | 005025945X | 1U01331140 | SC0891317X | |
| 7005206 | 005026005J | 1U01331820 | SC0893501B | |
| 7005317 | 005026054W | 1U01331950 | SC0894033R | |
| 7005409 | 005026123H | 1U01332000 | SC0894252R | |
| 7005426 | 005026151M | 1U01332110 | SC0895196W | |
| 7005446 | 005026158H | 1U01332130 | SC0895213K | |
| 7005886 | 005026237K | 1U01332170 | SC0897523D | |
| 7005889 | 005026273W | 1U01332180 | SC0899097K | |
| 7006014 | 005026319E | 1U01332550 | SC0899278M | |
| 7006240 | 005026340R | 1U01333460 | SC0899805H | |
| 7006312 | 005026410D | 1U01334090 | SC0900187M | |
| 7006428 | 005026432B | 1U01334170 | SC0900444J | |
| 7006578 | 005026553H | 1U01334730 | SC0901551J | |
| 7006673 | 005026582J | 1U01335280 | SC0901669X | |
| 7006839 | 005026605D | 1U01335400 | SC0902452K | |
| 7006985 | 005026634E | 1U01335410 | SC0902947H | |
| 7007096 | 005026666R | 1U01335520 | SC0902985G | |
| 7007200 | 005026686B | 1U01336300 | SC0903546B | |
| 7007278 | 005026808D | 1U01337430 | SC0903567D | |
| 7007393 | 005026817X | 1U0133796A | SC0904210X | |
| 7007509 | 005026833X | 1U01339570 | SC0905025M | |
| 7007613 | 005026871W | 1U01340730 | SC0905903E | |
| 7007748 | 005026881J | 1U01342180 | SC0906488K | |
| 7008334 | 005026903G | 1U01343070 | SC0906694J | |
| 7008863 | 005026948X | 1U01344330 | SC0906730M | |
| 7009067 | 005027010K | 1U01344790 | SC0906870J | |
| 7009075 | 005027055E | 1U01345420 | SC0906987D | |
| 7009207 | 005027274E | 1U01346490 | SC0907327E | |
| 7009599 | 005027371B | 1U01346680 | SC0907537H | |
| 7010072 | 005027517M | 1U01347270 | SC0907655G | |
| 7010110 | 005027518J | 1U01347340 | SC0907703R | |
| 7010144 | 005027540W | 1U01347370 | SC0907778G | |
| 7010215 | 005027542J | 1U01348980 | SC0908037K | |
| 7010396 | 005027605M | 1U01349480 | SC0908348W | |
| 7010473 | 005027641X | 1U01351550 | SC0908611B | |
| 7010540 | 005027647W | 1U01351560 | SC0908625X | |
| 7010643 | 005027659D | 1U01351930 | SC0909296M | |
| 7010674 | 005027664M | 1U01352560 | SC0909432D | |
| 7010934 | 005027761J | 1U01353130 | SC0909652X | |
| 7010990 | 005027775H | 1U01353150 | SC0909718K | |
| 7011067 | 005027776E | 1U01354490 | SC0909719H | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 7011248 | 005027842G | 1U01354850 | SC0909946H | |
| 7011727 | 005027845R | 1U01354880 | SC0910088G | |
| 7011929 | 005027852X | 1U01355050 | SC0910926G | |
| 7011992 | 005027958D | 1U01356250 | SC0911487D | |
| 7011995 | 005027965G | 1U01356520 | SC0911584X | |
| 7012060 | 005027970W | 1U01357470 | SC0913999W | |
| 7012233 | 005027992R | 1U01357480 | SC0914209R | |
| 7012495 | 005028023E | 1U01357500 | SC0914341B | |
| 7012579 | 005028031E | 1U01358260 | SC0914482M | |
| 7012668 | 005028063R | 1U01358570 | SC0914688D | |
| 7012813 | 005028079G | 1U01359830 | SC0914953X | |
| 7012953 | 005028080K | 1U01359840 | SC0915332R | |
| 7012998 | 005028085M | 1U01360100 | SC0915762R | |
| 7013060 | 005028144K | 1U01363850 | SC0916531B | |
| 7013538 | 005028159G | 1U01365590 | SC0916617X | |
| 7013578 | 005028277E | 1U01367200 | SC0916818G | |
| 7013718 | 005028320K | 1U01367610 | SC0917045D | |
| 7014443 | 005028326J | 1U01367730 | SC0917354R | |
| 7014444 | 005028467D | 1U01369710 | SC0917967J | |
| 7014676 | 005028488E | 1U01369720 | SC0918089J | |
| 7015050 | 005028562G | 1U01371140 | SC0918095W | |
| 7015254 | 005028627D | 1U01371780 | SC0918334B | |
| 7015422 | 005028628X | 1U01372760 | SC0918528E | |
| 7015463 | 005028654K | 1U01373160 | SC0918536E | |
| 7015553 | 005028701E | 1U01373170 | SC0919137J | |
| 7015925 | 005028712M | 1U01375660 | SC0919173R | |
| 7016048 | 005028768R | 1U01377240 | SC0919544R | |
| 7016684 | 005028769K | 1U01377270 | SC0919669H | |
| 7017224 | 005028839X | 1U01377790 | SC0919715E | |
| 7017692 | 005028858H | 1U01378770 | SC0920307G | |
| 7017868 | 005028870D | 1U01378780 | SC0920352H | |
| 7017890 | 005028907M | 1U01379890 | SC0920678H | |
| 7017923 | 005028927X | 1U01380590 | SC0920728J | |
| 7018083 | 005028940J | 1U01381280 | SC0921823E | |
| 7018239 | 005028954H | 1U01381290 | SC0921883B | |
| 7018303 | 005028965W | 1U01382870 | SC0922023K | |
| 7018373 | 005028968G | 1U01383560 | SC0922474M | |
| 7018747 | 005028971E | 1U01385560 | SC0922523X | |
| 7019081 | 005029030X | 1U01388410 | SC0922688D | |
| 7019109 | 005029044W | 1U01389370 | SC0922819B | |
| 7019333 | 005029075K | 1U01391800 | SC0922911R | |
| 7019507 | 005029080D | 1U01391880 | SC0923122K | |
| 7019514 | 005029096M | 1U01393650 | SC0923476W | |
| 7019518 | 005029105H | 1U01393930 | SC0923537H | |
| 7019524 | 005029202E | 1U01394110 | SC0923543R | |
| 7020199 | 005029283D | 1U01396490 | SC0924049W | |
| 7020446 | 005029305X | 1U01397760 | SC0924372W | |
| 7021075 | 005029308H | 1U01400840 | SC0924379K | |
| 7021357 | 005029384E | 1U01402120 | SC0924540W | |
| 7021402 | 005029430B | 1U01406850 | SC0924629E | |
| 7021618 | 005029440M | 1U01407010 | SC0925045D | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 7021784 | 005029467M | 1U01407590 | SC0925117D | |
| 7021957 | 005029492J | 1U01408210 | SC0925403B | |
| 7021962 | 005029500H | 1U01408290 | SC0925795E | |
| 7022417 | 005029501E | 1U01409090 | SC0926768G | |
| 7022438 | 005029596B | 1U01409280 | SC0927618H | |
| 7022654 | 005029640E | 1U01410290 | SC0927922X | |
| 7022732 | 005029668B | 1U01412520 | SC0928194H | |
| 7022734 | 005029725G | 1U01413470 | SC0928818J | |
| 7023020 | 005029736R | 1U01417940 | SC0929160R | |
| 7023450 | 005029856G | 1U01418400 | SC0929705M | |
| 7023622 | 005029922H | 1U01418790 | SC0929837J | |
| 7023739 | 005029926M | 1U01418820 | SC0930230G | |
| 7024589 | 005029927J | 1U01418830 | SC0930815R | |
| 7025045 | 005029936G | 1U01421030 | SC0930960D | |
| 7025051 | 005029959B | 1U01421500 | SC0931547B | |
| 7026396 | 005030005G | 1U01425030 | SC0931557M | |
| 7026594 | 005030024R | 1U01427680 | SC0931585X | |
| 7026769 | 005030079B | 1U01428610 | SC0931990K | |
| 7027392 | 005030092K | 1U01428860 | SC0933006H | |
| 7027779 | 005030177M | 1U01429260 | SC0933108G | |
| 7029478 | 005030279K | 1U01429780 | SC0933119R | |
| 7029947 | 005030280W | 1U01437680 | SC0933147B | |
| 005000006W | 005030321D | 1U01439020 | SC0933510J | |
| 005000007M | 005030381X | 1U01439090 | SC0933929K | |
| 005000019X | 005030484M | 1U01440080 | SC0934020G | |
| 005000220R | 005030487D | 1U01440690 | SC0934033H | |
| 005000310H | 005030525X | 1U01444440 | SC0934722W | |
| 005000318X | 005030577R | 1U01444800 | SC0934947R | |
| 005000331J | 005030611G | 1U01446190 | SC0934953D | |
| 005000369X | 005030692E | 1U01447160 | SC0935219D | |
| 005000384D | 005030720H | 1U01451290 | SC0935885X | |
| 005000385X | 005030760X | 1U01452790 | SC0935980D | |
| 005000404G | 005030773B | 1U01452800 | SC0937052J | |
| 005000407R | 005030778D | 1U01452810 | SC0937099R | |
| 005000418E | 005030824X | 1U01453580 | SC0937829J | |
| 005000441H | 005030832X | 1U01454920 | SC0938502E | |
| 005000470J | 005030838W | 1U01454990 | SC0938633E | |
| 005000556H | 005030904X | 1U01455430 | SC0939090J | |
| 005000559W | 005030905R | 1U01455630 | SC0939153M | |
| 005000585J | 005030910G | 1U01455640 | SC0939558W | |
| 005000587D | 005030961G | 1U01456060 | SC0940667D | |
| 005000604W | 005030993W | 1U01456160 | SC0941049H | |
| 005000660H | 005031033D | 1U01457640 | SC0941192D | |
| 005000675D | 005031064W | 1U01458400 | SC0941468X | |
| 005000745J | 005031081M | 1U01458580 | SC0941487H | |
| 005000747D | 005031118E | 1U01458800 | SC0941587M | |
| 005000749R | 005031139G | 1U01459580 | SC0941667M | |
| 005000778W | 005031195W | 1U01459590 | SC0942174B | |
| 005000858W | 005031239K | 1U01459600 | SC0944071H | |
| 005000942K | 005031267W | 1U01460470 | SC0945578B | |
| 005000975X | 005031275W | 1U01463800 | SC0945995X | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 005001011X | 005031298K | 1U01464640 | SC0946192W | |
| 005001013K | 005031313M | 1U01465500 | SC0946359K | |
| 005001021K | 005031342R | 1U01465600 | SC0946470R | |
| 005001034M | 005031345E | 1U01466160 | SC0948129E | |
| 005001073H | 005031352H | 1U01466990 | SC0948205X | |
| 005001123J | 005031457R | 1U01468300 | SC0948366W | |
| 005001134X | 005031482K | 1U01470150 | SC0948901K | |
| 005001198B | 005031547H | 1U01471730 | SC0948933D | |
| 005001216K | 005031630G | 1U01471740 | SC0949460R | |
| 005001222X | 005031768B | 1U01474340 | SC0949697X | |
| 005001309M | 005031955J | 1U01476470 | SC0949930E | |
| 005001327G | 005031989M | 1U01476530 | SC0950233X | |
| 005001369J | 005032051G | 1U01476960 | SC0950301M | |
| 005001425X | 005032166G | 1U01481990 | SC0950866X | |
| 005001464M | 005032198W | 1U01483930 | SC0950900J | |
| 005001509E | 005032218B | 1U01486620 | SC0950903X | |
| 005001527W | 005032231K | 1U01486850 | SC0951989J | |
| 005001560M | 005032245J | 1U01487770 | SC0952191X | |
| 005001573R | 005032259H | 1U01488120 | SC0952637H | |
| 005001607W | 005032282K | 1U01488490 | SC0954078E | |
| 005001609J | 005032338K | 1U01490530 | SC0954367K | |
| 005001695X | 005032350G | 1U01490930 | SC0955179W | |
| 005001723D | 005032437B | 1U01492810 | SC0955218J | |
| 005001756J | 005032555X | 1U01493120 | SC0956306B | |
| 005001802G | 005032617G | 1U01493130 | SC0956628R | |
| 005001951X | 005032623M | 1U01493930 | SC0956652R | |
| 005002128D | 005032648B | 1U01493940 | SC0956766X | |
| 005002207G | 005032657W | 1U01496620 | SC0957524R | |
| 005002471H | 005032679R | 1U01497500 | SC0957760K | |
| 005002475M | 005032715X | 1U01497510 | SC0958935W | |
| 005002476J | 005032755J | 1U01497520 | SC0959077D | |
| 005002549G | 005032830H | 1U01497530 | SC0959222H | |
| 005002637G | 005032839R | 1U01498080 | SC0960033J | |
| 005002638D | 005032857H | 1U01498090 | SC0960945E | |
| 005002648R | 005032861D | 1U01502130 | SC0961114W | |
| 005002651M | 005032870X | 1U01504660 | SC0961333W | |
| 005002710K | 005032882E | 1U01513510 | SC0961344G | |
| 005002711H | 005032922M | 1U01513520 | SC0961866K | |
| 005002768G | 005032926X | 1U01515960 | SC0962431B | |
| 005002775J | 005033043W | 1U01515970 | SC0962514J | |
| 005002792G | 005033158W | 1U01516290 | SC0962657R | |
| 005002867R | 005033245B | 1U01519500 | SC0963603W | |
| 005002885H | 005033253B | 1U01520990 | SC0963720X | |
| 005002909W | 005033280J | 1U01522540 | SC0964589D | |
| 005002919J | 005033286H | 1U01523680 | SC0964999W | |
| 005002937D | 005033289W | 1U01526010 | SC0965074K | |
| 005002947R | 005033293K | 1U01528960 | SC0965259X | |
| 005003003B | 005033385W | 1U01529110 | SC0965969J | |
| 005003011B | 005033482M | 1U01529670 | SC0966092R | |
| 005003060H | 005033484G | 1U01531200 | SC0966177W | |
| 005003071W | 005033536B | 1U01531260 | SC0966380G | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 005003074G | 005033662X | 1U01531880 | SC0966744D | |
| 005003083D | 005033663R | 1U01532340 | SC0966768M | |
| 005003098W | 005033686J | 1U01532370 | SC0967219J | |
| 005003113X | 005033687G | 1U01539650 | SC0968579M | |
| 005003117E | 005033749M | 1U01542490 | SC0969030X | |
| 005003138G | 005033763B | 1U01542600 | SC0969033H | |
| 005003146G | 005033852W | 1U01542610 | SC0969167W | |
| 005003150B | 005033871G | 1U01546020 | SC0969843E | |
| 005003488G | 005033895W | 1U01548200 | SC0969930H | |
| 005003743J | 005033987D | 1U01550260 | SC0969948K | |
| 005003828K | 005034040X | 1U01551480 | SC0970122H | |
| 005003837H | 005034077K | 1U01555460 | SC0970340K | |
| 005003838E | 005034078H | 1U01559090 | SC0972161E | |
| 005003860K | 005034087E | 1U01559940 | SC0972195H | |
| 005003948D | 005034164R | 1U01559950 | SC0972405J | |
| 005003955G | 005034312J | 1U01562710 | SC0972407D | |
| 005003956D | 005034322D | 1U01569140 | SC0972565K | |
| 005003991K | 005034412R | 1U01569530 | SC0972865H | |
| 005004010R | 005034650E | 1U01571830 | SC0973211W | |
| 005004011K | 005034651B | 1U01575170 | SC0973284R | |
| 005004026G | 005034710X | 1U01576010 | SC0973766J | |
| 005004101E | 005034741M | 1U01576090 | SC0974004M | |
| 005004156J | 005034825X | 1U01577670 | SC0974271E | |
| 005004179E | 005034844H | 1U01578040 | SC0974365D | |
| 005004237G | 005034914R | 1U01579630 | SC0974422H | |
| 005004325G | 005034915K | 1U01579650 | SC0974662J | |
| 005004379R | 005034926B | 1U01593170 | SC0974681X | |
| 005004433K | 005034984E | 1U01593820 | SC0974690R | |
| 005004511X | 005035009G | 1U01599500 | SC0974777J | |
| 005004514H | 005035062H | 1U01605130 | SC0975746G | |
| 005004521K | 005035064B | 1U01605140 | SC0975885G | |
| 005004550M | 005035112J | 1U01612050 | SC0975895X | |
| 005004559B | 005035197M | 1U01612930 | SC0976030H | |
| 005004566E | 005035272K | 1U01612990 | SC0976628X | |
| 005004620B | 005035290E | 1U01613470 | SC0977629G | |
| 005004639B | 005035296D | 1U01613480 | SC0977919J | |
| 005004647B | 005035311E | 1U01616030 | SC0978085R | |
| 005004685X | 005035384D | 1U01617660 | SC0978994B | |
| 005004688M | 005035388H | 1U01619690 | SC0980204D | |
| 005004764D | 005035390J | 1U01619700 | SC0980795B | |
| 005004782R | 005035391G | 1U01623080 | SC0981237B | |
| 005004807B | 005035418E | 1U01626280 | SC0981675B | |
| 005004811R | 005035422X | 1U01628300 | SC0981694J | |
| 005004815B | 005035467K | 1U01643060 | SC0982049G | |
| 005004818J | 005035477E | 1U01656170 | SC0982260R | |
| 005004829X | 005035492H | 1U01659370 | SC0984249X | |
| 005004841M | 005035498G | 1U01661890 | SC0984559H | |
| 005004888X | 005035530E | 1U01665370 | SC0984892B | |
| 005004900K | 005035548H | 1U01667300 | SC0985138R | |
| 005004907G | 005035682G | 1U01668740 | SC0985584R | |
| 005004937E | 005035762G | 1U01669570 | SC0987513K | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 005004966G | 005035767H | 1U01673560 | SC0987893J | |
| 005004978K | 005035783H | 1U01673570 | SC0988013R | |
| 005004990G | 005035784E | 1U01679790 | SC0988502M | |
| 005005055X | 005035785B | 1U01683060 | SC0989286R | |
| 005005056R | 005035801X | 1U01683910 | SC0989384H | |
| 005005060J | 005035838K | 1U01683920 | SC0989404K | |
| 005005065K | 005035875M | 1U01686640 | SC0989896B | |
| 005005085W | 005035900H | 1U01687860 | SC0990088B | |
| 005005126D | 005035908X | 1U01689310 | SC0990111D | |
| 005005142D | 005035977K | 1U01694390 | SC0990196G | |
| 005005174M | 005036073H | 1U01694450 | SC0990219X | |
| 005005191J | 005036163B | 1U01695180 | SC0990224J | |
| 005005199B | 005036223R | 1U01696560 | SC0990352B | |
| 005005209K | 005036280D | 1U01696710 | SC0991434E | |
| 005005236B | 005036493R | 1U01696730 | SC0991601H | |
| 005005254M | 005036495H | 1U01699180 | SC0992160K | |
| 005005266X | 005036568E | 1U01701150 | SC0992479H | |
| 005005273D | 005036681B | 1U01701510 | SC0992915M | |
| 005005286E | 005036685G | 1U01701770 | SC0994313J | |
| 005005354X | 005036778H | 1U01707340 | SC0994497D | |
| 005005356K | 005036965W | 1U01708440 | SC0994717W | |
| 005005384W | 005037016K | 1U01709220 | SC0995095X | |
| 005005385M | 005037017H | 1U01709240 | SC0995271X | |
| 005005413W | 005037018E | 1U01709900 | SC0995414D | |
| 005005435R | 005037098G | 1U01710050 | SC0996199B | |
| 005005445H | 005037132W | 1U01711100 | SC0996863D | |
| 005005446E | 005037173E | 1U01713940 | SC0996865R | |
| 005005468D | 005037212W | 1U01714480 | SC0997266J | |
| 005005471B | 005037243K | 1U01719400 | SC0997384H | |
| 005005472W | 005037322R | 1U01719410 | SC0997754K | |
| 005005479K | 005037364X | 1U01721110 | SC0998241M | |
| 005005495K | 005037380X | 1U01723300 | SC0999088X | |
| 005005496H | 005037471H | 1U01751920 | SC0999449G | |
| 005005524K | 005037478D | 1U01752110 | SC0999472J | |
| 005005532K | 005037495X | 1U01752150 | SC0999546D | |
| 005005635G | 005037496R | 1U01752560 | SC0999561G | |
| 005005649E | 005037595E | 1U01763190 | SC0999851J | |
| 005005684M | 005037660J | 1U01763530 | SC1000556H | |
| 005005690B | 005037688G | 1U01764400 | SC1000807W | |
| 005005713M | 005037789H | 1U01764580 | SC1002222J | |
| 005005833E | 005037893H | 1U01787520 | SC1002319W | |
| 005005859H | 005037997X | 1U01789270 | SC1002494D | |
| 005005975M | 005038024D | 1U01791040 | SC1002649K | |
| 005006078E | 005038087H | 1U01792700 | SC1003270K | |
| 005006082X | 005038123K | 1U01792980 | SC1004447J | |
| 005006106H | 005038187M | 1U01793530 | SC1004986K | |
| 005006195G | 005038255H | 1U01794390 | SC1005006K | |
| 005006265M | 005038553K | 1U01794400 | SC1005993G | |
| 005006296H | 005038818X | 1U01795280 | SC1006429X | |
| 005006379W | 005038883G | 1U01795340 | SC1007423K | |
| 005006436D | 005038884D | 1U01796170 | SC1007590W | |

6498358v1/015301

| | | | | |
|---|---|---|---|---|
| 005006437X | 005038906X | 1U01796630 | SC1007826D | |
| 005006476M | 005038938J | 1U01797350 | SC1008612E | |
| 005006534R | 005038947G | 1U01798860 | SC1008765D | |
| 005006552H | 005038956D | 1U01799610 | SC1009627J | |
| 005006574G | 005039037R | 1U01801860 | SC1011567J | |
| 005006667H | 005039097K | 1U01802100 | SC1012174D | |
| 005006683H | 005039181G | 1U01804100 | SC1012302K | |
| 005006685B | 005039211D | 1U01804480 | SC1013068B | |
| 005006722B | 005039344R | 1U01807640 | SC1013383B | |
| 005006747H | 005039367J | 1U01807660 | SC1014454R | |
| 005006776J | 006000124R | 1U01807690 | SC1014689G | |
| 005006833R | 006000131X | 1U01808660 | SC1015803H | |
| 005006904X | 006000182X | 1U01811050 | SC1016507H | |
| 005006933B | 006000421D | 1U01811060 | SC1017280J | |
| 005006934W | 006000572H | 1U01811070 | SC1018456K | |
| 005006988G | 006001506R | 1U01811260 | SC1019618R | |
| 005006990H | 006001564X | 1U01811500 | SC1019749R | |
| 005007042X | 006001751H | 1U01811540 | SC1020436B | |
| 005007109H | 006001752E | 1U01812900 | SC1021070D | |
| 005007225M | 006001753B | 1U01812910 | SC1021380K | |
| 005007244D | 006001783X | 1U01812930 | SC1021382E | |
| 005007371W | 006002201H | 1U01815470 | SC1021582R | |
| 005007406R | 006002310J | 1U01816020 | SC1021767D | |
| 005007499X | 006002326B | 1U01816030 | SC1022568X | |
| 005007522B | 006002381R | 1U01816460 | SC1022664X | |
| 005007572E | 006002427D | 1U01817320 | SC1023370B | |
| 005007717B | 006002453R | 1U01817670 | SC1024316M | |
| 005007723H | 006002633B | 1U01818270 | SC1026244R | |
| 005007771X | 006002809K | 1U01819190 | SC1030359K | |
| 005007820E | 006003776W | 1U01819910 | SC1030638G | |
| 005007894X | 006003797X | 1U01819930 | SC1031132K | |
| 005007939J | 006003867G | 1U01821030 | SC1031411G | |
| 005008095D | 006003893X | 1U01821040 | SC1031785W | |
| 005008142R | 006003894R | 1U01821060 | SC1033054G | |
| 005008185R | 006004243M | 1U01821400 | SC1036988K | |
| 005008210J | 006004450H | 1U01821420 | SC1038054B | |
| 005008215K | 006004693X | 1U01822460 | SC1038971G | |
| 005008253J | 006004968X | 1U01826650 | SC1039186H | |
| 005008354K | 006005177D | 1U01826660 | SC1040813K | |
| 005008366W | 006005529M | 1U01827390 | SC1040814H | |
| 005008403W | 006005831K | 1U01828370 | SC1042092R | |
| 005008404M | 006006329M | 1U01829700 | SC1042665X | |
| 005008539X | 006006372D | 1U01829900 | SC1046138G | |
| 005008540E | 006006672X | 1U01830440 | SC1046486M | |
| 005008555X | 006006838W | 1U01832090 | SC1047145B | |
| 005008556R | 006006839M | 1U01832120 | SC1047393D | |
| 005008605B | 006008154B | 1U01832150 | SC1049654G | |
| 005008614W | 00W0000013 | 1U01832340 | SC1049800H | |
| 005008678X | 00W0000032 | 1U01832390 | SC1050653M | |
| 005008685D | 00W0000105 | 1U01832550 | SC1051962W | |
| 005008696K | 00W0000241 | 1U03000180 | SC1052710B | |

| | | | | |
|---|---|---|---|---|
| 005008710W | 00W0000263 | 1U03000630 | SC1052859E | |
| 005008762M | 00W0000326 | 1U03000640 | SC1052963E | |
| 005008810D | 00W0000341 | 1U03002120 | SC1055072E | |
| 005008818M | 00W0000356 | 1U03002220 | SC1060787E | |
| 005008820R | 00W0000406 | 1U03002230 | SC1060817B | |
| 005008881H | 00W0000409 | 1U03002760 | SC1060955E | |
| 005008918X | 00W0000411 | 1U03003530 | SC1061951J | |
| 005008945H | 00W0000624 | 1U03003550 | SC1062577D | |
| 005008954E | 00W0000686 | 1U03003800 | SC1063749X | |
| 005008978R | 00W0000692 | 1U03005780 | SC1064287B | |
| 005008979K | 00W0000708 | 1U03009160 | SC1065867X | |
| 005009037J | 00W0000873 | 1U03009470 | SC1066881W | |
| 005009039D | 00W0000874 | CBS0104950 | SC1068044M | |
| 005009071D | 00W0000875 | CBS0109090 | SC1068809H | |
| 005009093B | 00W0000968 | CBS0109881 | SC1070023G | |
| 005009102R | 00W0000969 | CBS0109911 | SC1070853H | |
| 005009190W | 00W0000990 | CBS0110009 | SC1072010G | |
| 005009196R | 00W0001021 | CBS0114785 | SC1073227R | |

QUESTIONS? CALL [PHONE NUMBER] OR VISIT [WEBSITE]