UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PHT Holding I LLC, and Alice Curtis, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ReliaStar Life Insurance Company,<br><br>  Defendant. | Civil No. 18-2863 (DWF/TNL)<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendant ReliaStar Life Insurance Company as set forth in the Joint Stipulation and Settlement Agreement that is attached as Exhibit 2 to the Declaration of Steven Sklaver;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court having considered the Agreement, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and all papers filed in support of such motion.

**IT IS HEREBY ORDERED** pursuant to Federal Rule of Civil Procedure 23(e) that:

1.      The capitalized terms used herein shall have the meanings set forth in the Agreement.

2.      Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Class under the relevant factors under Rule 23(e)(2) and *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3.      The Court finds that the Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4.      The Court finds that the proposed plan of allocation, attached as Exhibit 5 to the Declaration of Steven Sklaver, is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5.      The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator. Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Agreement.

6.	As of the date hereof, all proceedings in the above-captioned actions shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

7.	Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to class members through the Notices, attached as Exhibits B–C to the Declaration of Jennifer Keough (the "Keough Declaration"), and through the notice program described in described in Section 4 of the Agreement and Paragraphs 32–38 of the Keough Declaration.  The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

8.	Upon entry of this Preliminary Approval Order, the parties shall begin implementation of the notice program as outlined in Section 4 of the Agreement and Paragraphs 32–38 of the Keough Declaration.  Defendant shall provide all data reasonably necessary to Class Counsel to effectuate the notice program.

9.	The Settlement Administrator will run an update of the last known addresses provided by Defendant through the National Change of Address database before initially mailing the Class Notice.  If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address.  The Settlement Administrator will endeavor to re-mail

the Class Notice to every person and entity in the Notice List for which it obtains an updated address.  If any Settlement Class Member is known to be deceased, the Class Notice will be addressed to the deceased Settlement Class Member's last known address and "To the Estate of [the deceased Settlement Class Member]."  The mailing of a Class Notice to a person or entity that is not in the Class shall not render such person or entity a part of the Class or otherwise entitle such person to participate in this Settlement.

10. A copy of the Notice shall also be posted on the Internet at the following website address:  www.reliastarcoilitigation.com.  Any Court-approved changes to the Agreement, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be deemed due and sufficient notice to Class Members in compliance with Due Process and Rule 23 of the Federal Rules of Civil Procedure.

11. Settlement Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective Parties (as identified in the Class Notice) no later than 45 calendar days after the Notice Date.  The objection must contain:  (1) the full name, address, telephone number, and email address, if any, of the Class Member; (2) Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a list of all persons who will be called to testify in support of the objection (if any); (6) a statement of whether the Class Member intends to appear at the Fairness Hearing; and (7) the signature of the Class Member or his/her counsel.  If an

objecting Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Class Member who will appear at the Settlement Hearing.  Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

12. The Court hereby schedules a Final Fairness Hearing to occur on November 16, 2023, at 12:00 p.m. Central Standard Time, before the Honorable Donovan W. Frank in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23(e)(2); (ii) the Class shall remain certified for purposes of judgment on the proposal, (iii) an order approving the Agreement and a Final Judgment should be entered; (iv) an order approving a proposed plan of allocation should be approved; and (v) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved.  All papers in support of any Fee and Expense Request shall be filed within 52 days of the date of this Order; all papers in support of final approval of the Settlement shall be filed within 80 days of this Order; and any relevant reply briefs, including any reply brief in support of any Fee and Expense Request and any reply brief in support of final approval of the Settlement shall be filed no later than seven (7) days before the final fairness hearing.

13. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

14. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Plaintiffs or the Class lacked merit in any proceeding.

15. If the Settlement or the Agreement fails to be approved, fails to become effective, otherwise fails to be consummated, is declared void, is terminated, or if there is no Final Settlement Date, then the Parties will be returned to the *status quo ante*, as if the Agreement had never been negotiated or executed. Each Party will be restored to the place it was in as of the date the Agreement was signed with the right to assert in the Action any argument or defense that was available to it at that time.

16. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendant will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the appropriate

State officials as required by 28 U.S.C. § 1715(b). Thereafter, Defendant will serve any supplemental CAFA Notice as appropriate.

Dated: July 31, 2023         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge