## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PHT Holding I LLC, and Alice Curtis, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ReliaStar Life Insurance Company,<br><br>Defendant. | Civil No. 18-2863 (DWF/TNL)<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiffs PHT Holding I LLC and Alice Curtis ("Plaintiffs"), on behalf of themselves and the certified Class in this Action, entered into a settlement (the "Settlement," Doc. No. 259-2) with Defendant ReliaStar Life Insurance Company ("RLIC" or "Defendant");

WHEREAS, on July 31, 2023, the Court entered its Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order," Doc. No. 266). Among other things, the Preliminary Approval Order authorized Class Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class;

WHEREAS, on August 21, 2023, the approved short-form notice was mailed to Class Member, and the dedicated website for this Action was updated to include the approved long-form notice;

WHEREAS, no Class Member objected to the Settlement by the deadline provided for in the Preliminary Approval Order;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this request is uncontested by Defendant;

NOW THEREFORE, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, supporting declaration, oral argument presented at the fairness hearing on November 16, 2023, at 12:00 p.m., and the complete records and files in this Action,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for final approval of class action settlement (Doc. No. [276]) is **GRANTED**.

2. The capitalized terms used herein shall have the meanings set forth in the Settlement (Doc. No. 259-2).

3. The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide Class Members with notice of the Settlement, the fairness hearing, and related matters.  Proof of such notice has been filed with the Court and is further detailed in the Plaintiffs' Motion for Final Approval of Class Action Settlement. The notice given to Class Members complied in all respects with the Preliminary Approval Order, the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process.  Further, it constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of two mediators and in good faith by counsel with significant experience litigating class actions.

5. The Class is the COI Class and Rider Class certified by this Court on March 29, 2022 (Doc. No. 211), with the exclusion of the policies that timely and validly opted out during the Original Opt-Out Period.

6. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and the Court directs its consummation pursuant to its terms and conditions. In reaching this conclusion, the Court considered the four factors listed in Rule 23(e)(2) and the four factors set forth in *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

7. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved. The Settlement provides substantial cash payments to the Class Members, and valuable non-monetary relief that is well within the range of reasonableness. The case was thoroughly litigated by experienced counsel and settled after class certification and a case-dispositive motion were decided, discovery was closed, and following two separate mediations. The Court also notes that no objections to the Settlement, the plan of allocation, or Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards were received or timely filed.

8. The Parties are directed to implement the Settlement according to the Agreement's terms.

9. Upon the Final Settlement Date, all of the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Released Parties.

10. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel or the Settlement Administrator on behalf of the Class.

11. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

12. The plan of allocation, as described in the Motion for Final Approval of Class Action Settlement and supporting documents, and previously preliminarily approved by the Court, is approved because it is fair, reasonable, and adequate.

13. This Order shall become effective immediately.

Dated: November 16, 2023        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge