UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PHT Holding I LLC, and Alice Curtis, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ReliaStar Life Insurance Company,<br><br>Defendant. | Civil No. 18-2863 (DWF/TNL)<br><br>**FINAL JUDGMENT** |

WHEREAS, Plaintiffs PHT Holding I LLC and Alice Curtis ("Plaintiffs"), on behalf of themselves and the certified Class in this Action, entered into a settlement (the "Settlement," Doc. No. 259-2) with Defendant ReliaStar Life Insurance Company ("RLIC" or "Defendant");

WHEREAS, on July 31, 2023, the Court entered its Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order," Doc. No. 266). Among other things, the Preliminary Approval Order authorized Class Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class;

WHEREAS, notice was provided to the Class pursuant to the Preliminary Approval Order (Doc. No. 266), and the Court held a final fairness hearing on November 16, 2023, at 12:00 pm; and

WHEREAS, on November 16, 2023, the Court approved the Settlement ("Order Approving Class Action Settlement") and awarded attorneys' fees, costs, and Settlement Administration Expenses ("Order Awarding Fees, Expenses, and Service Awards").

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement (Doc. No. 259-2), which is incorporated herein by reference.

2. This Final Judgment shall apply to and bind the Releasing Parties as defined and set forth in Section 1.36 of the Settlement.

3. This Final Judgment shall apply to the Class.

4. This Court has jurisdiction over the subject matter of this action and the Releasing Parties are subject to this Court's jurisdiction for purposes of implementing and enforcing the Settlement, bar order and releases contained herein.

5. This Final Judgment shall operate as a complete and permanent bar order that discharges and releases the Released Claims by the Releasing Parties as to all the Released Parties. The Released Claims do not include the Excluded Claims.

6. The Releasing Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties of and from all Released Claims including Unknown Claims, which are expressly deemed waived and released by operation of this Final Judgment.

7. The institution, maintenance, and prosecution by any of the Releasing Parties, either directly, individually, representatively, derivatively, or in any other

capacity, by whatever means, of any other action against the Released Parties in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently and completely barred, enjoined, and restrained.

8. The applicability of this Final Judgment and the bar order and releases contained herein shall not be dependent on a Releasing Party's actual receipt of any settlement proceeds obtained through this Settlement.

9. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Within 30 calendar days after the Final Settlement Date, the Settlement Administrator shall calculate each Class Member's distribution pursuant to the plan of allocation proposed by Class Counsel and approved by the Court (Doc. No. 259-5) and send for delivery by U.S. mail a settlement check in the amount of the share of the Net Settlement Fund to which the Class Member is entitled.

11. The Releasing Parties are permanently barred, enjoined, and restrained from making any claims against the Settlement Fund, including the Final Settlement Fund and Net Settlement Fund, and all persons, including the Settlement Administrator, Plaintiff and Class Counsel, RLIC, and its counsel, are released and discharged from any

claims arising out of the administration, management, or distribution of the Settlement Fund.

12. There is no just reason for delay in directing entry of a Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

13. The Settlement Fund Account is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

14. Settlement Administration Expenses may be paid out of the Final Settlement Fund as they become due, subject to the terms of the Settlement.

15. Neither the fact nor substance of the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as a presumption, inference or admission of fault, liability, injury or wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

16. The Action is dismissed with prejudice as to RLIC and, except as provided in the Agreement and the Court's Order Awarding Fees, Expenses, and Service Awards and the Order Approving Class Action Settlement, without costs to either party.

17. Without affecting the finality of this Final Judgment, the Court specifically retains continuing and exclusive jurisdiction over the enforcement of this Final Judgment and bar order and the enforcement of the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

Dated:  November 16, 2023          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge